PLOTKIN, Judge.
Plaintiff, Henry Sires, was injured in the course and scope of his employment with National Service Corporation (NSC). Aet-na Casualty and Surety Company, the workers’ compensation insurer for NSC, began paying benefits after investigating Sires’ claim. Thereafter Aetna terminated benefits, alleging that Sires had misrepresented facts concerning the location of his accident. Sires then filed this action against NSC and Aetna, alleging arbitrary termination of workers’ compensation benefits which entitled him to penalties and attorneys’ fees.
During discovery, plaintiff served interrogatories asking whether Aetna had placed the plaintiff under surveillance and requesting production of any photographs and videotapes. Aetna refused to produce the requested photographs and videotapes on the grounds that these were its work product and intended for impeachment of the credibility of witnesses. Plaintiff filed a motion to compel. The trial court ordered Aetna to produce all films and photographs of the plaintiff, to prepare an itemized list of all documents in plaintiff’s claim file, stating which documents it claimed were exempt from discovery on the basis of work-product or attorney-client privilege, and to submit the entire claim file to the court for in camera inspection. Aetna filed this application for supervisory writs.
Aetna contends that it should not have to produce for in camera inspection correspondence between Aetna’s counsel and Aetna. Secondly it contends that it should not have to disclose to plaintiff the existence of any surveillance or produce tapes, if such exist. Aetna presents only one argument on both issues, that it is exempt from disclosure on the basis of the work-product doctrine.
In Louisiana any relevant matter which is not privileged is discoverable. La. C.C.P. 1422. The work product of a party or its attorney is exempt from discovery unless the denial of its production will unfairly prejudice the party seeking discovery, or will cause that party undue hardship or injustice. La.C.C.P. 1424.
Videotapes are no different from other evidence. Although they may be the work product of a party, ignorance of their existence will generally unfairly prejudice the party who is the subject of surveillance. Such films are discoverable whether they are intended to be used at trial for substantive or for impeachment purposes. The function of the trial is to determine the truth and this function is better served when all relevant facts are before the court. Collins v. Crosby Group, Inc., 551 So.2d 42, 44 (La.App. 1 Cir.1989), citing Dodson v. Persell, 390 So.2d 704 (Fla. 1980). This function is not served when one party attempts to ambush another party by tactical surprises.
The trial court is correct in ordering in camera inspection of documents which may arguably be privileged. The court may in its discretion determine whether or not such documents are privileged and thereby exempt from discovery.
In the instant case the trial court did not err in ordering Aetna to produce all the documents in the claim file for in camera inspection or in ordering it to produce any existing surveillance films or photographs. Therefore, defendant’s application for supervisory writs is denied.
WRIT DENIED.