JiPER CURIAM.
Writ granted. Plaintiff in this personal injury ease is an attorney at law who seeks damages for loss of income, arguing that her injuries prevented her from performing the duties of her profession. The defendant has requested, through subpoena duces tecum, such documents as plaintiffs work calendars, trial calendars, desk calendars, executive organizers, monthly planning sheets and any and all other notes regarding plaintiffs trial schedule and law practice covering any and all portions of the time period between January 1, 1986 to the present. Plaintiff filed a motion to quash and for protective order, arguing the request was overbroad, unduly burdensome and unnecessarily invasive. See LSA-C.C.P. Art. 1426. She claims the requested documents contain privileged information regarding her clients’ cases. The trial court denied the plaintiffs motions.
^Discovery of information held by attorneys and related to their practice must be conducted with the recognition that such material is available only under exceptional circumstances and only where the information sought cannot be obtained through other means. See LSA-C.C.P. Art. 1452(B); LSA-C.E. Arts. 506-509. This is due to the fact that such information often consists of confidential and/or privileged matters which affect not only the attorney, but also are of great concern to that attorney’s clients.
This case presents somewhat of an anomaly in that discovery is sought of an *523 attorney who also happens to be a party to the litigation. While we find that this fact certainly increases the need for the opposing party to pursue reasonable discovery in order to adequately prepare its case, we cannot casually ignore the impact full-blown discovery of attorney Levy’s records will have upon her clients. Accordingly, we find it proper in this case that a balance be struck between the need of the defendants in this case to pursue discovery of an opposing party and the need of the plaintiff, attorney Levy, to preserve the confidentiality and/or privileged nature of her representation.
Since the attorney in this case is also a party to the lawsuit, a number of alternative discovery devices are available to the defendants in this case. Included in this number are interrogatories and requests for admissions. See IsLSA-C.C.P. Art. 1457-1459, 1466-1468. Furthermore, the provision regulating protective orders allows that such orders specify an alternative means of discovery when the challenged discovery method is unnecessarily oppressive. LSA-C.C.P. Art. 1426(3).
We therefore reverse the trial court’s ruling and adjudge that the protective order moved for by the plaintiff in this case issue. The information requested may be sought of the plaintiff through the less invasive use of interrogatories, requests for admissions and/or depositions. If, after these means of discovery have been exhausted, the defendants still maintain that further properly discoverable material exists within the possession of the plaintiff, they may move the trial court for a modification of this protective order allowing them to pursue additional discovery, by whatever means the trial court feels are necessary, to adequately prepare for their case.
The ruling of the Fourth Circuit is hereby vacated and the matter is remanded to the district court for further proceedings consistent with this opinion.
DENNIS, J., adds additional reasons.
LEMMON and VICTORY, JJ., would deny the writ.
KIMBALL, J., not on, panel.