819 So.2d 287 (2002)
Frederick A. STOLZLE, Jr.,
v.
SAFETY & SYSTEMS ASSURANCE CONSULTANTS, INC.
No. 2002-CC-1197.
Supreme Court of Louisiana.
May 24, 2002.
*288 PER CURIAM.
In 1994, Frederick Stolzle, Jr. retained Safety & Systems Assurance Consultants, Inc. ("SSA") to provide expert witness and consulting services in a railroad accident case. In 1995, SSA sent Mr. Stolzle an invoice totaling approximately $22,000.00 for services rendered. Mr. Stolzle failed to pay the invoice and SSA made formal demand for payment on the open account.
Subsequently, in 1996, Mr. Stolzle filed a declaratory judgment suit against SSA, alleging he owed nothing to SSA because the amount sought was for "wholly unauthorized charges for materials and services that Frederick Stolzle, Jr. did not request or demand." SSA answered the suit and filed a reconventional demand for all amounts owed.
Thereafter, Mr. Stolzle propounded discovery on SSA. In his requests for production, Mr. Stolzle asked SSA to list all clients and/or customers for which it performed work for the years 1994 and 1995, and for each of the clients, to produce a copy of all contracts, retainer agreements, letters of agreement, invoices, billing records, and all other documents reflecting time spent between SSA and the client. Mr. Stolzle also requested copies of all federal and state income tax returns (including W 2 forms) for the years 1990 through 2001 for SSA as well for Ronald H. Jacob and Patricia D. Jacob, who are not parties to the litigation.[1] Additionally, Mr. Stolzle also requested various other information, such as credit card receipts, telephone bills, cellular phone bills, etc., from SSA as well as from Ronald Jacob and Patricia Jacob. In interrogatories, Mr. Stolzle asked whether Ronald Jacob, Patricia Jacob, or SSA had ever been convicted of a crime, and if so, requesting information about the crime.
Subsequently, SSA moved for a protective order, contending the discovery was overly burdensome, irrelevant, overly broad, and vague. Mr. Stolzle opposed the motion for a protective order on the *289 ground that the discovery was designed to elicit SSA's billing methodology.
The district court denied SSA's request for a protective order, stating, "I have reviewed this matter and [am] of the opinion that the questions propounded will lead toward discoverable evidence...." From this ruling, SSA applied for supervisory writs. The Court of Appeal, First Circuit, denied the writ. This application followed.
The discovery statutes are to be liberally and broadly construed to achieve their intended objectives. Hodges v. Southern Farm Bureau Cas. Ins. Co., 433 So.2d 125 (La.1983). A party generally may obtain discovery of any information which is relevant to the subject matter involved in the pending action. La.Code Civ. P. art. 1422. There are limitations to this rule, however, when justice requires that a party or other person be protected from annoyance, embarrassment, oppression, or undue burden or expense. La. Code Civ. P. art. 1426; Laburre v. East Jefferson Gen. Hosp., 555 So.2d 1381 (La. 1990).
Based on our review of the requested discovery, we find that in many instances, the information sought by Mr. Stolzle is of questionable relevance to the suit, and has the potential to subject relator to annoyance, embarrassment, oppression, or undue burden or expense. For example, Mr. Stolzle requests copies of federal and state tax returns for SSA, Ronald Jacob, and Patricia Jacob for the years 1990 through 2001. On its face, this request is overbroad, as it goes well beyond the time frame at issue in this litigation. Additionally, courts have held that a person seeking to discover a party's income tax returns must make a showing of good cause, because income tax returns are confidential in nature and are of a personal character. See, e.g., Simon v. Fasig-Tipton Co., 524 So.2d 788 (La.App. 3rd Cir.), writ denied, 525 So.2d 1048 (La. 1988); In re: Protest of Dow Chemical Co., 458 So.2d 955 (La.App. 1st Cir.1984); Bianchi v. Pattison Pontiac Co., 258 So.2d 388 (La.App. 4th Cir.1972). The trial court failed to determine whether Mr. Stolzle has made a showing of good cause, nor did it make a finding he could not discover this information in a less intrusive manner.
Likewise, we have concerns about Mr. Stolzle's requests for other personal information, such as credit card receipts, telephone bills, cellular telephone bills, fax charges, travel ledgers, gas receipts, car rental receipts, airline receipts, lodging receipts, etc., from Patricia Jacob and Ronald Jacob, neither of whom are parties to this litigation. Generally, a showing of relevancy and good cause for production has been required in cases where a party seeks production of records from a nonparty. See Ouachita National Bank v. Palowsky, 554 So.2d 108 (La.App. 2nd Cir. 1989). The trial court failed to make a determination of whether Mr. Stolzle made a showing of good cause to discover these non-party records.
Mr. Stolzle has also requested various information concerning work SSA has done for other clients. While we recognize this information could lead to admissible evidence as to SSA's billing practices, SSA correctly points out that some, if not all of this information could be protected by work product or attorney-client privileges. The trial court failed to address these privilege issues.
We recognize that the trial court has broad discretion in ruling on discovery matters. See, e.g., Adams v. Deaton, Inc., 97-1237 (La.6/30/97), 696 So.2d 997. However, under the facts as presented, we must conclude the trial court abused its discretion by denying relator's motion for *290 a protective order under La.Code Civ. P. art. 1426.
Accordingly, the writ is granted. The judgment of the trial court denying relator's motion for protective order is vacated and set aside. The case is remanded to the trial court to grant relator's motion for protective order in accordance with the reasons expressed in this opinion.
NOTES
[1] Patricia Jacob and Ronald Jacob are apparently employees of SSA who were allegedly responsible for providing the services to Mr. Stolzle.