JUDGE SANDRA CABRINA JENKINS
*25 This matter is a discovery dispute arising in an expropriation action. Defendant/appellant Violet Dock Port, Inc., LLC ("Violet Dock") appeals the trial court's May 31, 2016 judgment, which partially granted a Motion to Compel filed by appellee/plaintiff St. Bernard Port, Harbor & Terminal District ("St. Bernard Port"), and ordered the production of communications between Violet Dock and non-parties Joseph P. Ruppel and Chaffe & Associates, Inc. ("Chaffe") (collectively, "Ruppel/Chaffe"). Violet Dock also appeals the trial court's December 27, 2016 judgment granting St. Bernard Port's Motion for Partial New Trial on its Motion to Compel, and denying Ruppel/Chaffe's Motion for New Trial. Violet Dock's appeal was consolidated with an Application for Supervisory Writs filed by Ruppel/Chaffe, which also seeks review of the trial court's May 31, 2016 and December 27, 2016 judgments, and requests attorney's fees and costs. For the reasons that follow, we reverse the trial court's May 31, 2016 and December 27, 2016 judgments, grant the writ application,[1] and remand with instructions.
FACTUAL AND PROCEDURAL BACKGROUND
Since the early 1980s, Violet Dock had owned and operated a 75-acre private industrial port on the Mississippi River in St. Bernard Parish (the "Property"). Until 2009, Mr. Ruppel was a shareholder/member of Violet Dock. At that time, Mr. Ruppel was nearing 90 years old, and he divested himself of his minority interest in Violet Dock.
In December 2010, St. Bernard Port filed a Petition for Expropriation of the Property. Violet Dock challenged the constitutionality of the taking and, in the alternative, the amount that St. Bernard *26 Port deposited as the purported fair market value of the Property.
During the 2013 just compensation trial, St. Bernard Port learned that on September 15, 2009, Mr. Ruppel had sold his minority interest in the Property (approximately 34%) to his child and grandchildren. Several months before, Mr. Ruppel had retained Chaffe, which provided investment banking and consulting services, to value his membership interest in the Property for tax and estate planning purposes. The report valuing Mr. Ruppel's interest in the Property was issued by Chaffe on May 31, 2009 (the "Chaffe Report").
In the middle of the just compensation trial, St. Bernard Port issued subpoenas and subpoenas duces tecum to Mr. Ruppel and Chaffe, who were not parties to the expropriation. St. Bernard Port specifically sought production of the Chaffe Report.[2] Ruppel/Chaffe objected, and filed Motions to Quash, for Protective Order and for Costs, contending that the Chaffe Report was privileged and contained confidential information, and that St. Bernard Port failed to meet its burden of proving both good cause and relevance to justify the production of documents from non-parties. St. Bernard Port responded with a Motion to Compel. The trial court granted the Motion to Compel, denied the Motions to Quash, and ordered Ruppel/Chaffe to produce the Chaffe Report.
Ruppel/Chaffe appealed the trial court's December 11, 2013 judgment denying their Motions to Quash the subpoenas and subpoenas duces tecum . On August 27, 2014, this court reversed the trial court, finding that it had abused its discretion in denying Ruppel/Chaffe's Motions to Quash. St. Bernard Port, Harbor & Terminal Dist. v. Violet Dock, Inc. , 14-0286, p. 9 (La. App. 4 Cir. 8/27/14), 147 So.3d 1266, 1270. Specifically, this court found that the discovery sought by St. Bernard Port was not relevant to the issue of just compensation and that St. Bernard Port had not established good cause. After reversing the trial court's judgment, this court stated:
Because the judgment appealed from is silent as to the issue of costs, we are remanding this matter to the trial court for consideration as to whether costs should be awarded to Mr. Ruppel and Chaffe & Associates in light of our conclusion that the trial court abused its discretion in denying the non-party appellants' motions to quash.
In the trial court, Ruppel/Chaffe filed a Motion for Costs, seeking attorney's fees and costs incurred in quashing the subpoenas, pursuant to La. C.C.P. arts. 1426(B) ("Protective orders"), 1469(4) ("Motion for order compelling discovery"), and 1420(D) ("Signing of discovery requests, responses, or objections"), which authorize an award of "reasonable expenses, ... including attorney's fees." In the Motion for Costs, Ruppel/Chaffe requested more than $376,000.00 in attorney's fees and other expenses incurred by Ruppel/Chaffe through July 31, 2015. In response, St. Bernard Port propounded Interrogatories and Requests for Production of Documents ("Discovery Requests") on Ruppel/Chaffe, seeking: (1) all correspondence between Mr. Ruppel and Violet Dock, including their attorneys, concerning the subpoenas referenced in the Motion for Costs; and (2) all correspondence between Chaffe and Violet Dock, including their attorneys, concerning the subpoenas referenced in the *27 Motion for Costs. Ruppel/Chaffe objected to the Discovery Requests on the grounds that they were vague, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and sought documents that were irrelevant and were protected by the attorney-client, common interest, and other related privileges.
Thereafter, Ruppel/Chaffe produced unredacted billing statements from its attorneys documenting the time spent in quashing the subpoenas issued in the expropriation trial. Ruppel/Chaffe and St. Bernard Port also exchanged expert reports regarding the reasonableness of the requested attorney's fees and costs.
On April 8, 2016, St. Bernard Port filed a Motion to Compel, asserting that, in addition to the unredacted attorney invoices, it was entitled to discover all of the underlying documents described in the invoices. St. Bernard Port argued that its requests for the underlying communications were "aimed at determining whether all the costs asserted by Ruppel/Chaffe in their motion [for costs] are related to work regarding those efforts to quash the subpoenas." St. Bernard Port insisted it "[could] not ascertain with certainty whether the charges by Ruppel/Chaffe [were] relevant to the subpoena[s] without the underlying communications."
Ruppel/Chaffe and Violet Dock filed an opposition to the Motion to Compel and a Motion for a Protective Order, arguing that the communications sought by St. Bernard Port were protected by the attorney-client privilege, common-interest privilege, and the work-product doctrine. They also argued that these underlying documents were irrelevant and that the Discovery Requests were unduly burdensome.
After a hearing, the trial court rendered a judgment on May 31, 2016, partially granting the Motion to Compel as follows:
• Ruppel/Chaffe was ordered to produce all communications sent to Violet Dock after the sale of Mr. Ruppel's interest in the Property that specifically pertained to the defense of the subpoenas issued to Ruppel/Chaffe;
• Neither Ruppel/Chaffe nor Violet Dock were required to turn over any communications from Violet Dock to Mr. Ruppel or Chaffe in connection with the issuance of the subpoenas.
On June 7, 2016, St. Bernard Port filed a Motion for Partial New Trial. St. Bernard Port challenged not only the trial court's failure to require production of communications from Violet Dock to Ruppel/Chaffe, but also asked the court to order production of "[a]ll communications between Violet Dock or its lawyers and Ruppel/Chaffe or its lawyers " contained in the billing entries submitted as part of Ruppel/Chaffe's Motion for Costs. St. Bernard Port asserted that these communications were relevant because it was entitled to ensure that the work included in the billing invoices pertained only to Ruppel/Chaffe's efforts to quash the subpoenas issued in the expropriation trial.
On June 10, 2016, Ruppel/Chaffe also filed a Motion for New Trial in which it agreed to withdraw all claims for attorney's fees and costs associated with the communications over which Ruppel/Chaffe and Violet Dock had asserted a privilege. According to Ruppel/Chaffe, this withdrawal would eliminate any concerns that the trial court or St. Bernard Port might have regarding the amount of time spent on the challenged communications, as compared to other items identified in the same time entry. St. Bernard Port opposed the Motion for New Trial, arguing that Ruppel/Chaffe had not produced a complete list of the "withdrawn" communications *28 and that, in any event, such a list could not be generated without St. Bernard Port's review of these communications.
After a hearing, the trial court rendered a judgment on December 27, 2016 granting St. Bernard Port's Motion for Partial New Trial, and denying Ruppel/Chaffe's Motion for New Trial.
Violet Dock filed a Motion for Suspensive Appeal. Ruppel/Chaffe filed an Application for Supervisory Writs. This court consolidated the appeal and the writ application.
DISCUSSION
In its appeal, Violet Dock asserts three assignments of error:
(1) The trial court legally erred in ordering production of privileged communications in its May 31, 2016 judgment, and in expanding its prior judgment by granting St. Bernard Port's Motion for Partial New Trial and denying Ruppel/Chaffe's Motion for New Trial in its December 27, 2016 judgment.
(2) The trial court legally erred in failing to follow established Louisiana law that permits a litigant to shield from discovery privileged documents and communications by stipulating that it will not refer to or use them at trial.
(3) The trial court erred in ordering the production of privileged communications where they were not relevant to or necessary for Ruppel/Chaffe's Motion for Costs, and where neither Ruppel/Chaffe nor Violet Dock waived their privilege.
In its Application for Supervisory Writs, Ruppel/Chaffe re-urges the arguments made by Violet Dock in its appeal, and also raises an additional issue:
Whether a protective order should be issued pursuant to Louisiana Code of Civil Procedure Article 1426(A)(1) to protect [Ruppel/Chaffe] from the continued harassment, oppression, undue burden, and expense of the review, preparation, and production of approximately twenty-five thousand (25,000) pages of communications protected by the attorney-client and work product communications [sic].
Because we find that the trial court erred in denying Ruppel/Chaffe's Motion for Protective Order, and ordering Ruppel/Chaffe to produce all underlying communications referred to in the billing invoices supporting its request for attorney's fees, we pretermit any discussion of the alleged privileged nature of the communications.
Standard of Review
"A trial court has broad discretion in handling discovery matters and an appellate court should not upset such a ruling absent abuse of discretion." St. Bernard Port, 14-0286, p. 5, 147 So.3d at 1268.
Protective Orders
Ruppel/Chaffe contends that it is entitled to a protective order that "discovery not be had" because the discovery sought by St. Bernard Port imposes an undue burden and expense. Ruppel/Chaffe also argues that the discovery sought is unnecessary because the production of the unredacted attorney invoices, the reports of experts regarding the reasonableness of the attorney's fees sought by Ruppel/Chaffe, and the anticipated depositions of fact and expert witnesses are adequate to ensure that the charges on the attorney billing statements relate to efforts to quash the subpoenas.[3]
*29 "The discovery statutes are to be liberally construed to achieve their intended objectives." Stolzle v. Safety & Sys. Assurance Consultants, Inc. , 02-1197, p. 2 (La. 5/24/02), 819 So.2d 287, 289. Thus, a party "may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action...." La.C.C.P. art. 1422. "There are limitations to this rule, however, when justice requires that a party or other person be protected from annoyance, embarrassment, oppression, or undue burden or expense." Stolzle , 02-1197, p. 2, 819 So.2d at 289. In particular, "[b]efore ordering discovery from a third party, which has invoked its right to be protected from undue hardship, loss, or damage, the trial court must be convinced of the relevancy and necessity of such discovery in achieving its intended objective." Channelside Servs., LLC v. Chrysochoos Group, Inc. , 15-0064, p. 19 (La. App. 4 Cir. 5/13/16), 194 So.3d 751, 762, writ denied , 16-1079 (La. 10/12/16), 208 So.3d 373.
La. C.C.P. art. 1426 governs protective orders, and provides as follows, in pertinent part:
A. Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) That the discovery not be had .... (3) That the discovery may be had only by a method of discovery other than that selected by the party seeking discovery. (4) That certain matters not be inquired into, or that the scope of the discovery be limited to certain matters.
According to Ruppel/Chaffe, a search of potentially responsive communications has resulted in more than 25,000 pages that would have to be assembled and prepared for review, and then reviewed by counsel for responsiveness and privilege. Then, Ruppel/Chaffe would have to prepare any responsive communications for production, produce the communications, and then identify privileged documents on a privilege log. See La. C.C.P. art. 1424(C). Once the privilege log is submitted, the trial court would be required to determine which, if any, documents are protected by privileges. As St. Bernard Port concedes in its brief, the trial court also may order an in camera inspection of the requested documents.[4] See Bd. of Supervisors of La. State Univ. v. Boudreaux's Tire & Auto Repair, L.L.C. , 13-0444, pp. 15-16 (La. App. 4 Cir. 3/5/14), 133 So.3d 1262, 1272-73 & n.8 (in dispute over award of attorney's fees, request for in camera review of documents "reasonable and warranted"); Sercovich v. Sercovich , 11-1780, p. 8 (La. App. 4 Cir. 6/13/12), 96 So.3d 600, 604 ; Sires v. Nat'l Serv. Corp. , 560 So.2d 448, 449 (La. App. 4th Cir. 1990) ; Lehmann v. Am. Southern Home Ins. Co. , 615 So.2d 923, 926 (La. App. 1st Cir. 1993) ;
*30 Venable v. Smith , 529 So.2d 888, 888 (La. App. 3d Cir. 1988).
Here, we find that the requirement that Ruppel/Chaffe identify and review tens of thousands of pages of communications referred to in its attorneys' billing invoices, along with the preparation of a privilege log and in camera inspection by the court, is unduly burdensome and wholly unnecessary, given that there are less onerous and less intrusive methods of ensuring that the billing entries relate only to work on quashing subpoenas. See Levy v. Maloney , 95-0333, pp. 2-3 (La. 3/24/95), 652 So.2d 522, 523 (directing that trial court issue a protective order where subpoenas duces tecum were unnecessarily oppressive, and the information requested could be sought through less invasive discovery devices).
And where, as here, the record supports a finding that a discovery request is unduly burdensome and unnecessary, La. C.C.P. art. 1426(A) provides that the trial court may fashion a protective order "[t]hat the discovery may be had only by a method of discovery other than that selected by the party seeking discovery," or "[t]hat certain matters not be inquired into, or that the scope of the discovery be limited to certain matters." Although St. Bernard Port has a legitimate interest in ensuring the reasonableness of the attorney's fees sought by Ruppel/Chaffe by means of discovery, we find that St. Bernard Port's need for this information may be satisfied by a protective order that does not require wholesale production of all underlying communications referred to in the billing statements.
We note that St. Bernard Port and Ruppel/Chaffe have retained experts who have issued reports on the reasonableness of the attorney's fees sought, and who can be deposed prior to the hearing. See Olivier Plantation, L.L.C. v. Parish of St. Bernard , 13-0497, p. 5 (La. App. 4 Cir. 10/30/14), 151 So.3d 965, 968. Furthermore, counsel for Ruppel/Chaffe has advised the trial court and St. Bernard Port that she and the other billing attorneys can testify about the time charged on the billing invoices. See Fuge v. Uiterwyk , 97-1252, p. 5 (La. App. 4 Cir. 3/25/98), 709 So.2d 357, 359-60 (plaintiff's attorney testified about the reasonableness of his fees by "[going] through his billing statements month by month and delineat[ing] what work was done on which issue").
We therefore conclude that the trial court abused its discretion in denying Ruppel/Chaffe's Motion for a Protective Order and granting St. Bernard Port's Motion to Compel and Motion for Partial New Trial. We find that the challenged Discovery Requests are unduly burdensome, expensive, and unnecessary, given that other discovery methods, such as the depositions of experts and billing attorneys, are available to St. Bernard Port to ensure that the work described in the billing invoices pertains only to Ruppel/Chaffe's efforts to quash the subpoenas issued in the expropriation trial. Accordingly, we reverse the trial court's May 31, 2016 and December 27, 2016 judgments, and remand this case to the trial court with the instruction to enter a protective order consistent with this opinion.
Ruppel/Chaffe's Request for Attorney's Fees and Costs
In its writ application, Ruppel/Chaffe seeks attorney's fees and costs incurred in connection with its opposition to St. Bernard Port's Motion to Compel, pursuant to La. C.C.P. arts. 1426(B), 1469(4), and 1420(D). Again, as the judgments are silent on this issue, we remand this matter to the trial court for consideration as to whether attorney's fees and costs should be awarded to Ruppel/Chaffe in light of *31 our conclusion that the trial court abused its discretion.
CONCLUSION
For these reasons, we reverse the trial court's May 31, 2016 and December 27, 2016 judgments. We grant the writ application. We remand this matter with instructions that the trial court enter a protective order consistent with this opinion, and to determine whether Ruppel/Chaffe is entitled to attorney's fees and costs.
JUDGMENTS REVERSED; WRIT GRANTED; REMANDED WITH INSTRUCTIONS
LOVE, J., DISSENTS AND ASSIGNS REASONS
LOBRANO, J., CONCURS IN THE RESULT.
BARTHOLOMEW-WOODS, J., CONCURS IN THE RESULT AND ASSIGNS REASONS
CHASE, J., CONCURS IN THE RESULT
LOVE, J., DISSENTS AND ASSIGNS REASONS
I respectfully dissent. The issue before us is whether the trial court erred in ordering the disclosure of the underlying documents described in billing invoices which Ruppel/Chaffe and Violet Dock allege pertain to efforts to quash the subpoenas. I find the majority's decision to remand for the issuance of a protective order by first deciding whether the discovery request is unduly burdensome ignores the primary issue raised by the parties: the alleged privileged nature of the discovery request. Because I find we must first determine whether a privilege exists before this Court can remand the matter for the issuance of a protective order, I dissent from the majority.
As a general rule, "[p]arties may obtain discovery regarding any matter, not privileged , which is relevant to the subject matter involved in the pending action ...." La. C.C.P. art. 1422 (emphasis added). Thus, I find the threshold inquiry is determination of the scope of the discovery request-whether the information sought by St. Bernard Port is privileged.[1] The parties acknowledge that this is the starting point for analysis as the key arguments in the trial court and in brief to this Court address whether a privilege exists and if so, whether the privilege was waived. Ruppel/Chaffe's undue burden assertion is ancillary to its main argument that St. Bernard Port is not entitled to disclosure because a privilege exists which was not waived. Further, consideration of the chief arguments the parties offer is all the more important where the basis for the trial court's decision is unclear.
If a privilege exists, the next inquiry is whether an exception to the general discovery rule applies, in this case, whether the privilege has been waived. Succession of Smith , 513 So.2d 1138, 1143-44 (La. 1987) ; Boyd v. St. Paul Fire & Marine Ins. Co. , 99-1820, p. 9-10 (La. App. 3 Cir. 12/20/00), 775 So.2d 649, 656. Additionally, I find all competing interests must be weighed in determining whether a protective order should be issued pursuant to La. C.C.P. art. 1426.[2] Therefore, because the *32 parties dispute the nature of the discovery request, whether the information sought is privileged is a necessary consideration in this case. Without determination of the privilege issue, the balancing of competing interests would fail to consider one of the most fundamental interests one can assert-privacy. Consequently, any claim that the discovery request is also unduly burdensome and requiring a protective order may only be considered after determining whether a privilege exists.
I also dissent from the majority's conclusion that the request is unduly burdensome and unnecessary. Though the trial court did not provide written reasons for its ruling, the trial court did express its concerns on the record. It stated that $400,000 in attorney fees allegedly owed for defense of the subpoenas, "shocks the conscience." The trial court explained that the billing statements seem facially disproportionate with what it recalled being only "one small proceeding." Expressing its doubt based on the lack of documentary support the trial court stated, "I'm going to want to know what you did for $400,000."
The majority is correct that St. Bernard Port has a legitimate interest in ensuring the reasonableness of the attorney fees that are sought. However, I disagree with the majority's suggestion that St. Bernard Port seeks "wholesale production of all underlying communications referred to in the billing statements." To the contrary, St. Bernard Port stated at the hearing that it only seeks those documents that are sufficient to show work that is associated with defense of the subpoenas. St. Bernard Port simply argues that the $400,000 invoice submitted to support the motion for costs is unreliable based on patent errors contained therein and the disproportionality of the time devoted to the litigation of the subpoena issue as compared to the rest of the litigation.
Additionally, the argument that compliance would require manual review of approximately 25,000 pages of allegedly private communications is a red herring. Counsel for both Violet Dock and Ruppel/Chaffe conceded at the hearing that they overstated the degree to which the discovery request is unduly burdensome. Counsel for Ruppel/Chaffe admitted to running an electronic search of communications based on names of counsel and staff members and admitted that the results are likely duplicative. Likewise, counsel for Violet Dock reiterated that Ruppel/Chaffe conducted an "over-inclusive broad general search" containing documents that may be responsive to St. Bernard Port's request. Neither party was able to provide an accurate accounting of the number of documents that are actually responsive to the request. Moreover, neither party offered any evidence or explanation for why a more limiting electronic search (ex. date and/or subject matter search) was not feasible.
Under the majority's theory, in order to avoid disclosure, one need only demonstrate that compliance with the discovery request is overly burdensome because the number of documents potentially involved may be voluminous. St. Bernard Port avers that deposing the billing attorneys is not a sufficient means to challenge the accuracy of the invoices in this case. In essence, St. Bernard contends that without documentary support any testimony it might try to elicit is subject to "unchecked editorial control."
*33 Smith v. Kavanaugh, Pierson & Talley , 513 So.2d 1138, 1144 (La. 1987). Similarly, so long as Ruppel/Chaffe and Violet Dock purport a privilege exists, they are likely to assert the same privilege in their deposition testimony. Given Ruppel/Chaffe's admissions and their demonstration that an electronic search is a quick and inexpensive method to discover responsive evidence, I find feasible alternative methods are available which are reasonably likely to produce responsive documentary evidence that will not pose the same burden or expense as the manual review Ruppel/Chaffe suggests it would have to conduct. Therefore, I disagree with the majority that the discovery request is unduly burdensome.
Based on the foregoing reasons and the vast discretion afforded the trial court on discovery matters, I respectfully dissent from the majority.
BARTHOLOMEW-WOODS, J., CONCURS IN THE RESULT AND ASSIGNS REASONS
I concur in the result reached by the majority, reversing the judgments of the district court and remanding this matter with instructions to enter a protective order. However, I am of the opinion that the result is appropriate because La.C.E. art. 506(B)(3) and La.C.C.P. art. 1424 warrant such relief. The former article provides, in relevant part, that:
A client has a privilege to refuse to disclose, and to prevent another person from disclosing, a confidential communication, whether oral, written, or otherwise, made for the purpose of facilitating the rendition of professional legal services to the client, as well as the perceptions, observations, and the like, of the mental, emotional, or physical condition of the client in connection with such a communication, when the communication is ... [b]y the client or his lawyer, or a representative of either, to a lawyer, or representative of a lawyer, who represents another party concerning a matter of common interest.
Here, the district court ruled that communications of Joseph Ruppel, his accounting firm, Chaffe & Associates, Inc., and their attorneys with Violet Dock Port and its attorneys were discoverable. These parties and their counsel indeed shared a common interest, that is, the same interest in defeating St. Bernard Port's attempt to discover all the underlying documentation and communications between the parties in defending against the ultimately improper subpoenas. Furthermore, because the attorney-client privilege is sacrosanct, the denigration of it should be done lightly, after much thought and consideration.
Notwithstanding the aforementioned, Louisiana Code of Civil Procedure art. 1424 provides the following, in pertinent part:
A. The court shall not order the production or inspection of any writing, or electronically stored information, obtained or prepared by the adverse party, his attorney, surety, indemnitor, or agent in anticipation of litigation or in preparation for trial unless satisfied that denial of production or inspection will unfairly prejudice the party seeking the production or inspection in preparing his claim or defense or will cause him undue hardship or injustice. Except as otherwise provided in Article 1425(E)(1), the court shall not order the production or inspection of any part of the writing, or electronically stored information, that reflects the mental impressions, conclusions, opinions, or theories of an attorney.
...
C. When a party withholds information otherwise discoverable under these *34 rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.
Thus, I find that the underlying documentation and communications sought were indeed generated in anticipation of litigation to defeat the subpoenas; and as such, they qualify as attorney-work product and should be barred from disclosure on that basis.
Furthermore, as noted by counsel for Violet Dock Port, St. Bernard Port's own reply in support of its motion to compel highlighted various portions of the time entries specifying the nature of the work done. To the extent there is any doubt regarding the nature of the work performed, the majority correctly observed that there exist less intrusive means of obtaining clarification, aside from production of all the underlying documentation and communications.
For these reasons, I concur in the result reached by the majority that a protective order should issue. I further agree with the decision to remand for a determination of whether Mr. Ruppel and Chaffe & Associates, Inc., are entitled to attorney's fees and costs.
CHASE, J., CONCURS IN THE RESULT
I concur in the result for the reasons assigned by Judge Bartholomew-Woods.

In this matter, our court has already decided that "the determination of discovery questions as to one who is not a party to the case is a final appealable judgment." St. Bernard Port, Harbor & Terminal Dist. v. Violet Dock Port, Inc. , 14-0286, p. 1 (La. App. 4 Cir. 8/27/14), 147 So.3d 1266, 1266 n.1. Thus, the proper vehicle for seeking judicial review of these final judgments is an appeal, and not an application for supervisory writs. Douglass v. Alton Ochsner Med. Found. , 96-2825, p.4 (La. 6/13/97), 695 So.2d 953, 956. Because this court consolidated Ruppel/Chaffe's writ application with Violet Dock's appeal, we address both.

St. Bernard Port also sought to compel Mr. Ruppel, aged 94, to testify at the just compensation trial. Mr. Ruppel died on February 4, 2015, and his succession representative, Paul Simmons, was appointed to serve as legal successor, and was substituted for Mr. Ruppel in this matter.

Likewise, Violet Dock argues that "the invoices, accompanied by the testimony of [Ruppel/Chaffe's] retained expert (who apparently also was provided the privileged communications) are more than sufficient to support their claims for fees and costs," and that "nothing more was required as a matter of law to substantiate [Ruppel/Chaffe's] fee and cost application."

According to Black's Law Dictionary, in camera review or inspection is defined as "[a] trial judge's private consideration of evidence." Black's Law Dictionary 828 (9th ed. 2004). The term in camera means : "1. In the judge's private chambers. 2. In a courtroom with all spectators excluded. 3. (Of a judicial action) taken when court is not in session-Also termed (in reference to the opinion of one judge) in chambers. " Id.

In that I agree with the majority that the discovery request is relevant to the subject matter of the motion for costs, the focus of this dissent is the privilege issue.

See Plaquemines Parish Com'n Council v. Delta Development Co., Inc. , 472 So.2d 560 (La. 1985) (applying a balancing approach to competing interests in determining whether to grant a protective order); also Prine v. Bailey ¸42, 282 (La. App. 2 Cir. 8/15/07), 964 So.2d 435 (balancing of competing interests to determine that certain medical records were discoverable).