| | | |
|---|---|---|
| SHELTON AMBROSE | * | NO. 2024-C-0300 |
| VERSUS | * | |
| | | COURT OF APPEAL |
| GENERATION HOLDINGS, | * | |
| LLC AND JAMES RIVER | | FOURTH CIRCUIT |
| INSURANCE COMPANY | * | |
| | | STATE OF LOUISIANA |

\* \* \* \* \* \* \*

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2022-02106, DIVISION "A"
Honorable Ellen M. Hazeur, Judge
\* \* \* \* \* \*
**Judge Sandra Cabrina Jenkins**
\* \* \* \* \* \*

(Court composed of Judge Daniel L. Dysart, Judge Sandra Cabrina Jenkins, Judge Nakisha Ervin-Knott)

Daryl A. Gray
Eric A. Wright
James Harris
Allison J. Johnson
WRIGHT GRAY HARRIS
201 St. Charles Avenue, Suite 2710
New Orleans, LA 70170

     COUNSEL FOR PLAINTIFF/RELATOR

Paula M. Wellons
Jared A. Davidson
Reagan H. Moody
Taylor Wellons, Politz and Duhe, LLC
1555 Poydras Street, Suite 2000
New Orleans, Louisiana 70112

     COUNSEL FOR DEFENDANT, RESPONDENT

**WRIT GRANTED;
JUDGMENT REVERSED;
REMANDED.
JULY 12, 2024**

SCJ
DLD
NEK

Plaintiff/relator, Shelton Ambrose, seeks review of the trial court's judgment of April 17, 2024, granting defendant James River Insurance Company's motion to compel discovery and awarding defendant $1,000.00 in attorney's fees and costs. For the foregoing reasons, we find that the trial court abused its great discretion granting the motion to compel the plaintiff to execute a blank medical authorization for medical records up to twenty years prior to the incident sued upon and awarding attorney's fees and costs to the defendant. We grant the plaintiff's writ application, reverse the trial court's judgment, and remand to the trial court.

**PROCEDURAL HISTORY**

The plaintiff, Shelton Ambrose, filed suit for injuries allegedly sustained when he was struck by concrete debris falling from the Plaza Tower building in New Orleans, Louisiana. The plaintiff alleged in his petition for damages, filed on March 11, 2022, that on May 20, 2021, he was stopped on his bicycle at a red light on Loyola Avenue when he was struck by concrete debris falling from the building. On January 29, 2024, defendant James River Insurance Company filed a motion to compel responses to discovery requests, including a request for a blank medical authorization form. After a hearing on April 12, 2024, the trial court

1

issued a written judgment on April 17, 2024, granting the motion to compel and among, other remedies, ordering the plaintiff to execute a blank medical authorization with the limitation for the past twenty years. The trial court also awarded the defendant $1,000.00 in attorney's fees and costs. The plaintiff sought supervisory writs of review from this Court from the portions of the trial court's judgment ordering him to execute a blank medical authorization with the limitation for the past twenty years and awarding the defendant attorney's fees and costs.

## STANDARD OF REVIEW

"[A] trial court has broad discretion in handling discovery matters and an appellate court should not upset such a ruling absent abuse of discretion." *Perez-Fuentes v. Protective Ins. Co.,* 2023-0718, p. 5 (La. App. 4 Cir. 12/20/23), 381 So.3d 67, 70 (citing *St. Bernard Port, Harbor & Terminal Dist. v. Violet Dock Port, Inc.,* 2017-0388, p. 7 (La. App. 4 Cir. 4/18/18), 246 So.3d 23, 28).

## DISCUSSION

In his writ application, the plaintiff initially suggests that the defendant did not seek a blank medical authorization until it filed its reply brief in support of the motion to compel. However, a review of the pleadings filed in the writ application reveals that the plaintiff is incorrect. The defendant requested the medical authorization several times before filing the motion to compel and sought a medical authorization in the motion to compel.

The plaintiff argues that the trial court abused its great discretion in granting the motion to compel and ordering plaintiff to execute a medical authorization that would allow the defendant to obtain medical records up to twenty years prior to the accident sued upon. The defendant sought, through its motion to compel, to have the plaintiff ordered to provide a general blank medical authorization, without a

2

time limit.  In the motion to compel, the defendant referenced that its counsel propounded interrogatories and request for production of documents to plaintiff's counsel on June 6, 2022.  The defendant sought to have the plaintiff sign an attached medical authorization form.  The defendant further requested (1) a Medicare conditional payment letter; (2) employment authorizations; (3) Social Security forms; and (4) medical authorizations.

The plaintiff produced some of the discovery requested. Over the span of five months, the defendant requested four times that the plaintiff produce the discovery sought in the interrogatories and requests for production.  Subsequent to the receipt of that discovery, the defendant sought to have the plaintiff execute and return a blank employment authorization and a medical authorization for Michoud Pharmacy.  The defendant also sought medical authorizations for (1) Daughters of Charity; (2) St. Tammany Parish Hospital; (3) Lane Regional Medical Center; (4) Broad Avenue Pharmacy; (5) Magellan Health Services; (6) Ochsner; (7) Tulane University Medical Group; and (8) Jefferson Radiology Associates.

The defendant argued that the plaintiff's limitation to five years prior the incident for the medical authorizations failed to meet the discovery requests. The defendant argued that it is entitled to the plaintiff's entire medical history because the plaintiff put his medical condition at issue by instituting the present action.  The defendant suggested that if the plaintiff produced a blank medical authorization, it would eradicate the need for the defendant to request a new authorization every time an additional provider is identified.   The defendant sought to have the trial court order the plaintiff to produce an executed blank medical authorization, or alternatively, order the plaintiff to provide specific medical authorizations within seven days of a request.  The defendant averred that

the plaintiff's employment authorization was necessary for the defendant to evaluate the plaintiff's medical history. The defendant contended that the plaintiff's employment history could reveal accidents that occurred at work or complaints he made to his employers.

The plaintiff opposed the motion to compel, contending that he had complied with the discovery requests. He averred that on March 1, 2024, he provided the defendant with: (1) form SSA-3288; (2) form SSA-7050; (3) IRS form 4056; (4) the Louisiana Department of Health Release; (5) release for Walgreens and Walmart pharmacies; (6) Medicare release; and (7) a copy of his Medicare card. The plaintiff stated that he submitted a revised release for Walmart and releases for thirty-eight medical providers on March 26, 2024. The plaintiff argued that he was not comfortable with providing a blank HIPPA authorization; therefore, each release included the name of the requested medical provider and a request to limit the disclosure to five years prior to the subject incident. He asserted that the blank authorization was invasive as it failed to provide a time frame for the release of protected health information. Additionally, the plaintiff admitted that he did not provide a medical conditional letter because he did not have possession of the letter.

"It is well-settled law that discovery statutes are to be liberally and broadly construed to achieve their intended objectives." *Scheinuk v. Levenson*, 2023-0429, p. 1 (La. App. 4 Cir. 7/24/23), 371 So.3d 494, 495 (citing *Stolzle v. Safety & Sys. Assur. Consultants, Inc.*, 2002-1197, p. 2 (La. 5/24/02), 819 So.2d 287, 289, (citing *Hodges v. S. Farm Bureau Cas. Ins. Co.,* 433 So.2d 125 (La. 1983)). "Generally, a party may obtain discovery of any information which is relevant to the subject matter involved in the pending action." *Scheinuk*, 2023-0429, p. 2, 371 So.3d at

4

496. "There are limitations to this rule, however, when justice requires that a party or other person be protected from annoyance, embarrassment, oppression, or undue burden or expense." *Id.,* (citing *Hendricks v. Wells Fargo Ins.,* 2021-0109, pp. 3-4 (La. App. 4 Cir. 10/27/21), 366 So.3d 376, 378 (citing *Stolzle, supra*)).

La. C.C.P. art. 1422 defines the general scope of discovery as follows:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

La. C.C.P. art. 1465.1 governs the request for medical records and provides, in pertinent part:

> A. Any party may serve upon the plaintiff… whose medical records are relevant to an issue in the case a request that the plaintiff… sign a medical records release authorizing the health care provider to release to the requesting party the medical records of the party whose medical condition is at issue. The release shall be directed to a specific health care provider, shall authorize the release of medical records only, and shall state that the release does not authorize verbal communications by the health care provider to the requesting party.

La. C.E. art. 510 governs testimonial privileges, exceptions, and waivers with respect to communications between a health care provider and a patient in noncriminal proceedings. La. C.E. art. 510 provides, in relevant part:

> B.    (1) **General rule of privilege in civil proceedings**. In a non-criminal proceeding, a patient has a privilege to refuse to disclose and to prevent another person from disclosing a confidential communication made for the purpose of advice, diagnosis or treatment of his health condition between or among himself or his representative, his health care provider, or their representatives.
> (2) **Exceptions.** There is no privilege under this Article in a noncriminal proceeding as to a communication:

5

(a) when the communication relates to the health condition of a patient who brings or asserts a personal injury claim in a judicial or worker's compensation proceeding.

## BLANK MEDICAL AUTHORIZATION FORM

In the present matter, the trial court erred in granting the defendant's motion to compel as it related to the execution of a blank medical authorization that included the twenty years of the plaintiff's medical history prior to the accident. While La. C.E. art. 510 allows the defendant to obtain the plaintiff's medical records because the plaintiff placed his physical and mental condition at issue, La. C.E. art. 510 does not allow the defendant to obtain the plaintiff's entire medical records. Further, La. C.C.P. art. 1465.1 is unambiguous, and the statue specifically articulates that "the release shall be directed to a specific health care provider." The blank execution of a medical authorization is not tailored to a specific injury the plaintiff sustained. The law does not provide a remedy for that which the defendant seeks. There is no case law or jurisprudence that allows for a blank medical authorization to be completed.

Moreover, the trial court abused its discretion when it allowed the defendant to obtain the plaintiff's medical records for twenty years prior to the incident sued upon. The record before the trial court and this Court is bereft of the specific injuries that the plaintiff sustained. The first mention of a specific injury that plaintiff sustained in the incident sued upon occurred at the motion to compel hearing. The defendant never mentioned the injury or injuries that the plaintiff sustained in any of the pleadings or email communications. Ordering the plaintiff to sign medical authorizations for twenty years prior to the incident is overly burdensome and irrelevant. Notably, the defendant, in the interrogatories and requests for production, sought medical history and medical conditions for ten

6

years prior to the accident. The record before this Court does not support the trial court's judgment, which ordered the plaintiff to execute a blank authorization for twenty years prior to the incident sued upon.

## ATTORNEY'S FEES – MOTION TO COMPEL

The plaintiff also argues that the trial court abused its discretion when it awarded the defendant $1,000 in attorney's fees without a hearing. He points out that the defendant did not file a motion for attorney's fees and costs. The plaintiff avers that the only evidence that the defendant presented for attorney's fees and costs was an affidavit executed by defendant's counsel. Furthermore, the plaintiff asserts that defense counsel attached the affidavit to the proposed judgment prepared by defense counsel without circulating to plaintiff's counsel. The plaintiff also argues that the trial court abused its discretion in awarding attorney's fees and costs because he complied with the requests for production of documents before the hearing on the motion to compel was held.

"Generally, Louisiana only allows for an award of attorney's fees when fees are either provided for in a contractual agreement or authorized by statute." *Ramelli Janitorial Serv., Inc. v. IV Waste, L.L.C.,* 2023-0128, p. 13 (La. App. 4 Cir. 12/8/23), 381 So.3d 757, 766, *writ denied*, 2024-00037 (La. 2/27/24), 379 So.3d 1268 (quoting *PVCA, Inc. v. Pac. W. TD Fund, LP,* 2021-0753, p. 4 (La. App. 4 Cir. 7/13/22), 366 So.3d 243, 248, *writ denied*, 2022-01220 (La. 11/8/22), 362 So.3d 423). "Whether attorney fees should be awarded is left to the sound discretion of the trial court and an award should not be disturbed on appeal absent an abuse of discretion." *Kaltenbaugh v. Bd. of Supervisors, S.Univ. & Agric. & Mech. Coll. at Baton Rouge,* 2022-0092, p. 11 (La. App. 4 Cir. 8/24/22), 346 So.3d 823, 832.

7

La. C.C.P. art. 1469(4) governs the motions to compel discovery and provides the following:

> If the motion is granted, the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.

While the defendant may be entitled to attorney's fees and costs, the trial court failed to comply with La. C.C.P. art. 1469(4) and the award of $1,000 for attorney's fees and costs is disputed. The clear reading of La. C.C.P. art. 1469(4) is not ambiguous. La. C.C.P. art. 1469(4), states, that after a motion to compel is granted, "the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees. . ." The trial court did not conduct a hearing regarding the attorney's fees and court costs after granting the motion to compel.

Additionally, at the end of the motion to compel hearing, there was not an in depth or detailed discussion as it related to the award of the attorney's fees and costs. The record is devoid of evidence that justifies the trial court awarding $1,000 in attorney's fees. Thus, based on the record presented and applicable law, the trial court abused its discretion in awarding the defendant attorney's fees and costs of $1,000.

## ATTORNEY'S FEES – SUPERVISORY WRITS

The defendant seeks an award of attorney's fees for its post-judgment work in opposing the plaintiff's application for supervisory writs to this Court, pursuant

8

to La. C.C.P art. 2164.  The defendant suggests that the plaintiff's writ application is frivolous and a delay tactic.  La. C.C.P. article 2164 provides that "[t]he appellate court shall render any judgment which is just, legal, and proper upon the record on appeal."  "The court may award damages, including attorney fees, for frivolous appeal or application for writs, and may tax the costs of the lower or appellate court, or any part thereof, against any party to the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered as equitable."  La. C.C.P. art. 2164.

"It is well settled that attorney fees [are] usually awarded where a party who was awarded attorney fees by the trial court is forced to and successfully defends an appeal.  The award of additional attorney fees is to keep the appellate judgment consistent with the underlying judgment. To determine the amount of attorney fees, factors that are considered include 'the skill exercised by the attorney and the time and work required on appeal.'"  *PVCA, Inc.,* 2021-0753, p. 12, 366 So.3d at 253 (quoting *Maldonado v. Cannizzaro,* 2018-0177, p. 14 (La. App. 4 Cir. 10/10/18), 257 So.3d 733, 743).  The defendant's request for attorney's fees incurred in the opposition of the plaintiff's writ application is without merit.

Accordingly, for the foregoing reasons, we grant the plaintiff's application for supervisory writs, reverse the trial court's judgment ordering the plaintiff to execute a blank medical authorization for up to twenty years of medical history prior to the accident sued upon, and remand to the trial court for a hearing on the issue of attorney's fees and costs relating to the other discovery issues raised in the motion to compel.

**WRIT GRANTED;**

9

**JUDGMENT REVERSED;**
**AND REMANDED.**