812 So.2d 804 (2002)
Ronnie FRANCOIS, et al.
v.
NORFOLK SOUTHERN CORPORATION, et al.
No. 2001-C-1954.
Court of Appeal of Louisiana, Fourth Circuit.
March 6, 2002.
*805 Mark E. Van Horn, Cory R. Cahn, Benjamin R. Slater, III, New Orleans, LA, for Relator, Norfolk Southern Railway Co.
(Court composed of Chief Judge WILLIAM H. BYRNES III, Judge STEVEN R. PLOTKIN, Judge MIRIAM G. WALTZER).
WILLIAM H. BYRNES III, Chief Judge.
The defendant-relator Norfolk Southern Railway Co., applied for supervisory writs seeking review of a trial court judgment denying Norfolk Southern's motion to enforce the subpeona duces tecum it served upon plaintiffs' medical expert, Dr. Raul Reyes. This Court grants Norfolk Southern's application for supervisory writs, reverses the trial court's judgment denying Norfolk Southern's motion to enforce its subpoena duces tecum; and grants the motion to enforce the subpoena.
First, the information sought is generally discoverable under the provisions of La. C.C.P. art. 1422 because it "is relevant to the subject matter involved in the pending action." Although the trial court has great discretion in discovery matters, that discretion may be abused when the trial judge denies a motion to compel the production of information that meets the requirements of La. C.C.P. art. 1422, especially where, as here, examination of the requested information may be the only means available to the party seeking discovery to defend against claims made by the party from whom discovery is sought. In the instant case, the information sought by the subpoena duces tecum is discoverable because it provides the only method by which Norfolk Southern can investigate and prove its assertion that Dr. Reyes was biased or operated in collusion with the plaintiffs' attorney(s).
Second, Norfolk Southern's motion to enforce its subpoena duces tecum should have been granted under the provisions of La. C.C.P. art. 1354, which provides in pertinent part as follows:
A subpoena may order a person to appear and/or produce at the trial or hearing, books, papers, documents, or any other tangible things in his possession or under his control, if a reasonably accurate description thereof is given; but the court in which the action is pending in its discretion may vacate or modify the subpoena if it is unreasonable or oppressive. ...
(Emphasis added.) In the instant case, the trial court makes no finding in its written judgment that the subpoena in question is either unreasonable or oppressive, but simply denies the motion to enforce the subpoena. That ruling is tantamount to a ruling vacating the subpoena, as Southern Norfolk has no other available method to receive the information sought *806 by the subpoena. When a trial court vacates a subpoena without first finding that the subpoena is unreasonable or oppressive, he has gone beyond his authority under the provisions of La. C.C.P. art. 1354. Moreover, under the circumstances presented by this appeal, as further described below, the subpoena in question is neither unreasonable nor oppressive.
Third, Norfolk Southern's motion to enforce the subpoena contains more than ample information to support its request for tangible evidence relative to Dr. Reyes' relationship with plaintiffs' attorney(s). Norfolk Southern quotes testimony from representatives of the proposed plaintiffs' class indicating that Dr. Reyes and their attorney essentially set up a "clinic" for the sole purpose of diagnosing plaintiffs with conditions arising from an allegedly minor release of chemical vapors from an empty tank car. The testimony reveals that Norfolk Southern's concerns about Dr. Reyes' objectivity and lack of bias are justified.
Moreover, the Louisiana Third Circuit Court of Appeal has previously recognized Dr. Reyes' lack of objectivity in a similar situation, where all the parties to an automobile accident were pronounced "fully disabled" by one of Dr. Reyes' employees despite very slight objective injury and symptoms. See Davis v. Sonnier, 96-915 (La.App. 3 Cir. 11/6/96), 682 So.2d 910. In Davis, the court found that the trial court "erred in crediting the testimony of Dr. Reyes" concerning the extent of the plaintiffs' injuries because "the subjective facts upon which [his] diagnoses and opinions were based [were] not substantiated by the record." Id. at 16-17, 682 So.2d at 919. The court summarized its concerns about Dr. Reyes' testimony as follows:
Dr. Reyes' testimony concerning the Trauma Clinic's method of determining a patient's disability status is particularly unsettling. His novel view that all of his patients are "fully disabled," even in the absence of any objective symptoms, until proven otherwise by diagnostic tests or the patient's self professed improvement, is both medically and factually unrealistic. Dr. Reyes' testimony is not believable.
Id. at 17, 682 So.2d at 919. The court also noted Dr. Reyes' admission that the plaintiffs' attorney was the guarantor of their medical expenses, and that he was "more likely to get paid if his patients' litigation turns out financially favorable to them." Id. at 11-12, 682 So.2d at 916. These statements in a published opinion of a Louisiana appellate court are now public record, further justifying Norfolk Southern's suspicions concerning Dr. Reyes's bias.
Fourth, and finally, Norfolk Southern's motion to enforce subpoena should be granted, because review of the information sought is the only means by which Norfolk Southern can effectively attack Dr. Reyes' expert testimony at the trial of this matter. In a similar situation in which the plaintiffs sought to attack the credibility of the defendant insurance company's medical expert, but were denied similar discovery by the trial court, the Louisiana Third Circuit Court of Appeal stated as follows:
Without access to [the medical expert's] records, the [plaintiffs] were unable to prepare for or offer any meaningful cross-examination to refute [the medical expert's] claims of experience or want of prejudice. It is no coincidence that the laws of this state equip the litigant with a mighty arsenal, for our Codes of Civil Procedure and Evidence are designed specifically to facilitate the discovery of credible evidence by adversaries, not to deter its location. Plaintiffs inability to obtain, review, and possibly present evidence was antithetical *807 to these objectives and had the effect of limiting plaintiffs to no weapon save cross-examination which, uncomplemented by other discovery methods, seldom is of adequate value when thrust against the broadside of the litigation expert who can so gracefully stiff-arm his unprepared cross-examiner.
Subject to the balancing test of La. Code Evid. art. 403, plaintiff should have been permitted to obtain the records sought, as these records were admissible to show [the medical expert's] bias. See La.Code Evid. art. 607, Official Comments (k) and (l) and, generally, 1995 Authors' Notes to Article 607.
Rowe v. State Farm Mutual Automobile Insurance Co., 95-669, p. 13 (La.App. 3d Cir.1996), 670 So.2d 718, 726. The same reasoning applies to the instant case.
For the foregoing reasons we grant relator's application for supervisory writs and reverse the judgment of the trial court.
WRIT GRANTED; JUDGMENT REVERSED.