| | | |
|---|---|---|
| KEVIN ESTUARDO PEREZ-FUENTES | * | NO. 2023-C-0718 |
| | * | |
| VERSUS | | COURT OF APPEAL |
| | * | |
| PROTECTIVE INSURANCE COMPANY, BRIAN LOCKETT TRUCK DELIVERY SERVICE, INC., FEDERAL EXPRESS CORPORATION AND SEMAJ GRAY | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |
| | * * * * * * * | |

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2022-11538, DIVISION "I-14"
Honorable Lori Jupiter, Judge
* * * * * *
**Judge Dale N. Atkins**
* * * * * *
(Court composed of Judge Daniel L. Dysart, Judge Tiffany Gautier Chase, Judge Dale N. Atkins)

**DYSART, J., CONCURS IN THE RESULT**

C. Michael Parks
J. Edward McAuliffe, III
MOULEDOUX, BLAND, LEGRAND, & BRACKETT
701 Poydras Street, Suite 600
New Orleans, LA 70139

      COUNSEL FOR DEFENDANTS/RELATORS, Fedex Ground Package System, Inc., and Brian Lockett Truck Delivery Service, Inc.

Dominick F. Impastato, III
Anthony J. Impastato
Marc L. Frischhertz
FRISCHHERTZ & IMPASTATO, LLC
1140 St. Charles Avenue
New Orleans, LA 70130

      COUNSEL FOR PLAINTIFF/RESPONDENT, Kevin Estuardo Perez-Fuentes

**WRIT GRANTED; JUDGMENT REVERSED IN PART; REMANDED**
**WITH INSTRUCTIONS**
**DECEMBER 20, 2023**

DNA

TGC

Relators, FedEx Ground Package System, Inc. ("FedEx"), and Brian Lockett Truck Delivery Service, Inc. ("Brian Lockett") (collectively "Relators"), seek review of the trial court's September 12, 2023 judgment, which granted the "Motion to Quash . . . Subpoena to Diagnostic Management Affiliates" ("Motion to Quash") filed by Respondent, Kevin Estuardo Perez-Fuentes ("Mr. Perez"),[1] in response to a "Notice of Records Deposition" filed by FedEx ("FedEx's subpoena") and denied in part Brian Lockett's "Second Motion to Compel . . . Responses to Interrogatories and Requests for Production of documents" ("Second Motion to Compel"). For the following reasons, we grant the writ, and we reverse the trial court's grant of Mr. Perez's Motion to Quash and denial of Brian Lockett's Second Motion to Compel regarding Interrogatory Number 21, Interrogatory Number 27, and Request for Production Number 16. Further, we grant Brian Lockett's Second Motion to Compel insofar as it pertains to Interrogatory Number 21, Interrogatory Number 27, and Request for Production Number 16; and we remand this matter for further proceedings consistent with this Opinion.

---

[1] In his opposition filed with this Court on December 7, 2023, Respondent, Kevin Estuardo Perez-Fuentes, refers to himself as "Mr. Perez," so this Opinion will do the same.

**RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On December 21, 2022, Mr. Perez filed a Petition for Damages ("Petition") in Orleans Parish Civil District Court, in which he alleged that he had sustained injuries in a vehicular accident that occurred on January 8, 2022. In pertinent part, Mr. Perez named Relators as defendants.[2] In his Petition, Mr. Perez contended that the accident occurred when a vehicle, which was owned by FedEx and operated by Semaj Gray in the course and scope of her employment with Brian Lockett, collided with his vehicle.

During the discovery phase of litigation, Relators obtained Mr. Perez's medical records, which included a notation that Diagnostic Management Affiliates ("DMA") was Mr. Perez's primary insurance provider. Subsequently, on June 15, 2023, FedEx issued its subpoena to DMA, seeking information and records regarding DMA's involvement in Mr. Perez's case. In response, on June 29, 2023, Mr. Perez filed his Motion to Quash, wherein he asserted that the information sought was "not relevant to any matter in controversy in this case" and "not admissible."

Thereafter, Brian Lockett filed its Second Motion to Compel, arguing, in pertinent part, that Mr. Perez's responses to certain Interrogatories and Requests for Production "were deficient and incomplete."[3] The discovery requests that are the subject of Relators' writ application are Interrogatory Number 21, Interrogatory Number 27, and Request for Production Number 16. Interrogatory Number 21

---

[2] We note that Mr. Perez named "Federal Express Corporation" as a defendant in his Petition, not "FedEx Ground Package System, Inc."

[3] We note that, in total, Brian Lockett's Second Motion to Compel concerned seven interrogatories and four requests for production. As more fully discussed throughout this Opinion, only two of the interrogatories and one of the requests for production are the subject of Relators' writ application.

directed Mr. Perez to "[l]ist, by name and address, any health insurance plan or medical finance agreement providers which have covered you and/or with which you have contracted in the last ten years, including but not limited to any specifically related to your claims from the subject accident." Mr. Perez's Response to Interrogatory Number 21 was "[o]bjection, collateral source, and therefore not relevant and not reasonably calculated to lead to admissible evidence. Notwithstanding, Plaintiff does not receive Medicare/Medicaid benefits." In Interrogatory Number 27, Brian Lockett asked Mr. Perez to "[p]lease state whether you are a member of and/or provided coverage by any group health plan, including Medicare, Medicaid, the Veterans Administration, Tricare, or any other public, private, or government health benefit plan, and if your answer is in the affirmative, please identify the plan and your member number." Mr. Perez responded that he was "not a member." Request for Production Number 16 asked Mr. Perez to "[p]roduce front and back copies of health insurance cards and/or medical financing agreements representing any health insurance and/or medical financing company you have had coverage with in the last ten years, including any specifically related to your claims from the subject accident." In response, Mr. Perez stated that he did "not possess any documents responsive to this request" but "reserve[d] the right to supplement this response."

On September 7, 2023, the trial court held a hearing on the motions. At the hearing, the trial court stated "that the case law [concerning La. R.S. 9:2800.27] support[ed] the position of" Mr. Perez and granted Mr. Perez's Motion to Quash, thereby effectively denying Fedex's subpoena. The trial court did not provide reasons during the hearing for its denial of Brian Lockett's Second Motion to Compel regarding Interrogatory Number 21, Interrogatory Number 27, and

Request for Production Number 16, instead simply noting the decision to deny them. Accordingly, in its September 12, 2023 judgment, the trial court granted Mr. Perez's Motion to Quash and denied in part Brian Lockett's Second Motion to Compel regarding Interrogatory Number 21, Interrogatory Number 27, and Request for Production Number 16.[4] On November 13, 2023, Relators timely filed their writ application with this Court.

## ASSIGNMENTS OF ERROR

Relators assert two assignments of error in their writ application:

1) The trial court was in error when it granted [Mr. Perez]'s Motion to Quash . . . . This ruling effectually cut off all discovery and inquiry into [Mr. Perez]'s medical financing, including the discovery of the parameters of the alleged contract, potential discounts [Mr. Perez] may receive, and the bias of any of [Mr. Perez]'s medical providers. Most particularly, the trial court was in error in not ruling based on the existing law ([La.] R.S. 9:2800.27), but rather relying upon older judicial opinions (some unpublished, only at the district level, and/or otherwise inapplicable).

2) The trial court was in error when it denied [Brian Lockett]'s Second Motion to Compel responses to Interrogatories 21 and 27 and Request for Production No. 16. This ruling also effectually cut off all discovery and inquiry into [Mr. Perez]'s medical financing, including the discovery of the parameters of the alleged contract, potential discounts [Mr. Perez] may receive, and the bias of any of [Mr. Perez]'s medical providers. This also includes the trial court's error in relying upon inapplicable judicial opinions rather than the applicable statute, [La.] R.S. 9:2800.27.

Before addressing the merits of these assignments of error, we begin with the standard of review.

---

[4] Regarding Brian Lockett's Second Motion to Compel, the September 12, 2023 judgment granted the motion with respect to one interrogatory; denied the motion with respect to five interrogatories; denied the motion with respect to one interrogatory as moot; and denied the motion with respect to all four requests for production.

4

**STANDARD OF REVIEW**

As this Court has previously explained, "[a] trial court has broad discretion in handling discovery matters and an appellate court should not upset such a ruling absent abuse of discretion." *St. Bernard Port, Harbor & Terminal Dist. v. Violet Dock Port, Inc.*, 2017-0388, 0412, p. 7 (La. App. 4 Cir. 4/18/18), 246 So.3d 23, 28 (quoting *St. Bernard Port, Harbor & Terminal Dist. v. Violet Dock, Inc.*, 2014-0286, p. 5 (La. App. 4 Cir. 8/27/14), 147 So.3d 1266, 1268). In particular, appellate courts "review[] a [trial] court's rulings on motions to quash and for protective orders concerning subpoena [*duces tecum*] under an abuse of discretion standard." *In re Subpoena Duces Tecum by Inspector Gen. of City of New Orleans to Duplantier, Hrapmann, Hogan & Maher*, 2021-0010, p. 12 (La. App. 4 Cir. 8/4/21), 326 So.3d 1265, 1273 (first citing *McMaster v. Union Carbide Corp.*, 2019-0592, p. 2 (La. App. 4 Cir. 7/18/19), 369 So.3d 381, 382; then citing *Doe v. La. Bd. of Ethics*, 2012-1169, 1170, p. 2 (La. App. 4 Cir. 3/13/13), 112 So.3d 339, 341; and then citing *Thomas v. Weatherford Int'l*, 463 So.2d 751, 753 (La. App. 4 Cir. 1985)). Therefore, we will review the trial court's September 12, 2023 judgment regarding Mr. Perez's Motion to Quash and Brian Lockett's Second Motion to Compel for an abuse of discretion.

**DISCUSSION**

In their assignments of error, Relators contend that the information they seek about DMA's involvement in Mr. Perez's case is relevant and may lead to admissible evidence. In his opposition to Relators' writ application, Mr. Perez argues that the information sought is not relevant because DMA is a collateral

source. Relators assert that the collateral source rule[5] does not apply to DMA because DMA is not a "health insurance issuer" as required under La. R.S. 9:2800.27.[6] Our review of the record reveals, however, that we need not discuss the collateral source rule for resolution of the merits of Relators' writ application because the issue is not the admissibility of evidence. Instead, the matter *sub judice* concerns the discoverability of evidence relating to DMA's agreements with Mr. Perez, Mr. Perez's counsel, and Mr. Perez's medical providers; so our resolution of this writ application necessarily turns on application of Louisiana's rules of discovery.

Louisiana Code of Civil Procedure Article 1422 pertains to the "[s]cope of discovery" and provides, in pertinent part, that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party . . . ." Further, La. C.C.P. art. 1422 states that "[i]t is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably

---

[5] According to "the collateral source rule, a tortfeasor may not benefit, and an injured plaintiff's tort recovery may not be reduced, because of monies received by the plaintiff from sources independent of the tortfeasor's procuration or contribution." *La. Dep't of Transp. & Dev. v. Kan. City S. Ry. Co.*, 2002-2349, p. 6 (La. 5/20/03), 846 So.2d 734, 739 (first citing *Warren v. Fidelity Mut. Ins. Co.*, 1999 So.2d 382, 385 (La. App. 1st Cir. 1957); then citing *Williamson v. St. Francis Med. Ctr., Inc.*, 559 So.2d 929, 934 (La. App. 2d Cir. 1990); and then citing *Griffin v. The La. Sheriff's Auto Risk Assoc.*, 1999-2944, p. 34 (La. App. 1 Cir. 6/22/01), 802 So.2d 691, 713).

[6] Louisiana Revised Statutes 9:2800.27(A)(4) is titled "Recoverable past medical expenses; collateral sources; limitations; evidence." It defines "Health insurance issuer" as "any health insurance coverage through a policy or certificate of insurance subject to regulation of insurance under state law, a health maintenance organization, an employer-sponsored health plan, the Office of Group Benefits, or an equivalent federal or state health plan."

6

calculated to lead to the discovery of admissible evidence." Additionally, La. C.C.P. art. 1354(A) provides that "[a] subpoena may order a person to appear and produce at the trial, deposition, or hearing, books, papers, documents, any other tangible things, or electronically stored information, in his possession or under his control, if a reasonably accurate description thereof is given." Louisiana Code of Civil Procedure Article 1354(A) also states, however, that "[t]he court in which the action is pending in its discretion may vacate or modify the subpoena if it is unreasonable or oppressive." If "a trial court vacates a subpoena without first finding that the subpoena is unreasonable or oppressive," then the trial court "has gone beyond [its] authority under the provisions of La. C.C.P. art. 1354." *Francois v. Norfolk S. Corp.*, 2001-1954, p. 2 (La. App. 4 Cir. 3/6/02), 812 So.2d 804, 806. In interpreting Louisiana's discovery articles, the Louisiana Supreme Court has explained that they "are to be liberally and broadly construed to achieve their intended objectives." *Stolzle v. Safety & Sys. Assurance Consultants, Inc.*, 2002-1197, p. 2 (La. 5/24/02), 819 So.2d 287, 289 (citing *Hodges v. S. Farm Bureau Cas. Ins. Co.*, 433 So.2d 125, 129 (La. 1983)).

For example, in *Francois*, the defendant, Norfolk Southern Railway Co. ("Norfolk Southern"), sought supervisory review of the trial court's judgment, which denied Norfolk Southern's motion to enforce the subpoena *duces tecum* it served upon the plaintiffs' medical expert, Dr. Raul Reyes. 2001-1954, p. 1, 812 So.2d at 805. This Court granted Norfolk Southern's application for supervisory writs and reversed the trial court's judgment, stating:

> First, the information sought is generally discoverable under the provisions of La. C.C.P. art. 1422 because it "is relevant to the subject matter involved in the pending action." Although the trial court has great discretion in discovery matters, that discretion may be abused when the trial judge denies a motion to compel the production of

> information that meets the requirements of La. C.C.P. art. 1422, especially where, as here, examination of the requested information may be the only means available to the party seeking discovery to defend against claims made by the party from whom discovery is sought. In the instant case, the information sought by the subpoena *duces tecum* is discoverable because it provides the only method by which Norfolk Southern can investigate and prove its assertion that Dr. Reyes was biased or operated in collusion with the plaintiffs' attorney(s).

*Id.* In *Francois*, this Court further found that the trial court had abused its discretion under La. C.C.P. art. 1354 because the trial court made "no finding in its written judgment that the subpoena in question [wa]s either unreasonable or oppressive, but simply denie[d] the motion to enforce the subpoena." *Id.* at p. 2, 812 So.2d at 805. Moreover, this Court concluded that, under the circumstances presented in *Francois*, the subpoena in question was neither unreasonable nor oppressive. *Id.* at p. 2, 812 So.2d at 806.

Turning to the matter *sub judice*, a review of the DMA agreements is necessary to determine if the collateral source rule applies and whether Relators have a valid defense against the application of the collateral source rule. Relators cannot adequately defend and prepare their case without a review of these documents. As in *Francois*, the information that Relators seek "is generally discoverable under the provisions of La. C.C.P. art. 1422 because it 'is relevant to the subject matter involved in the pending action'" and "examination of the requested information may be the only means available to Relators" to defend against Mr. Perez's claims. 2001-1954, p. 1, 812 So.2d at 805 (quoting La. C.C.P. art. 1422). Therefore, in denying Brian Lockett's Second Motion to Compel regarding Interrogatory Number 21, Interrogatory Number 27, and Request for Production Number 16, the trial court abused its discretion.

Likewise, the trial court abused its discretion when it granted Mr. Perez's Motion to Quash, thereby issuing a ruling tantamount to vacating FedEx's subpoena. Like Brian Lockett's Second Motion to Compel, FedEx's subpoena sought information related to DMA's involvement in Mr. Perez's case, which is information "relevant to the subject matter involved in the pending action." La. C.C.P. art. 1422. In granting Mr. Perez's Motion to Quash, the trial court did not first find that the subpoena was unreasonable or oppressive, so the trial court exceeded its authority under La. C.C.P. art. 1354. *Francois*, 2001-1954, p. 2, 812 So.2d at 806. Further, we find that FedEx's subpoena was neither unreasonable nor oppressive.

In sum, we conclude that the trial court abused its discretion in granting Mr. Perez's Motion to Quash and in denying Brian Lockett's Second Motion to Compel regarding Interrogatory Number 21, Interrogatory Number 27, and Request for Production Number 16. Accordingly, we exercise our supervisory jurisdiction and grant Relators' writ application; and we reverse the trial court's judgment as it relates to Mr. Perez's Motion to Quash and Brian Lockett's Second Motion to Compel Interrogatory Number 21, Interrogatory Number 27, and Request for Production Number 16. Additionally, we remand this matter for further proceedings consistent with this Opinion.

**DECREE**

For the foregoing reasons, we grant Relators' writ application, and we reverse the trial court's judgment insofar as it granted Mr. Perez's Motion to Quash and denied Brian Lockett's Second Motion to Compel regarding Interrogatory Number 21, Interrogatory Number 27, and Request for Production Number 16. Further, we grant and Brian Lockett's Second Motion to Compel as it pertains to

Interrogatory Number 21, Interrogatory Number 27, and Request for Production Number 16. We also remand this matter for further proceedings consistent with this Opinion.

**WRIT GRANTED; JUDGMENT REVERSED IN PART; REMANDED WITH INSTRUCTIONS**