| JEROME DINELL MATTHEWS AND ELTON BARBER | * | NO. 2024-CA-0227 |
|---|---|---|
| | * | COURT OF APPEAL |
| VERSUS | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |
| PHILLIPS 66 COMPANY, TURNER INDUSTRIES GROUP, LLC, BRANDSAFWAY SERVICES LLC, AND OIL MOP L.L.C. D/B/A OMI ENVIRONMENTAL SOLUTIONS LLC | | |

* * * * * * *

APPEAL FROM
25TH JDC, PARISH OF PLAQUEMINES
NO. 64-954, DIVISION "B"
Honorable Michael D. Clement,
* * * * * *
**JUDGE SANDRA CABRINA JENKINS**
* * * * * *

(Court composed of Judge Sandra Cabrina Jenkins, Judge Paula A. Brown, Judge Karen K. Herman

**HERMAN, J., CONCURS IN THE RESULT**

Donald de Boisblanc
Donald de Boisblanc, Jr.
ATTORNEY AT LAW
410 South Rampart Street
New Orleans, LA 70112-1024

John A. Leslie
THE LESLIE LAW FIRM, LLC
288 Lawrence Street NE
Marietta, GA 30060

      COUNSEL FOR PLAINTIFF/APPELLANT

Thomas E. Balhoff
Daniel T. Price
ROEDEL PARSONS BLACHE FONTANA PIONTEK & PISANO
8440 Jefferson Highway
Suite 301
Baton Rouge, LA 70809-7652

Mark D. Latham
Alexander J. Baynham
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, LA 70139-5099

COUNSEL FOR DEFENDANT/APPELLEE

**MOTION TO DISMISS APPEAL DENIED;**
**REVERSED AND REMANDED**
**NOVEMBER 13, 2024**

SCJ
PAB

Racquel Matthews on behalf of Rebecca Matthews and Elton Barber ("Mr. Barber") (collectively, the "plaintiffs") appeals the trial court's judgments granting the motion for summary judgment filed by Turner Industries Group, LLC ("Turner"), BrandSafway, LLC and BrandSafway Services, LLC (collectively, "BrandSafway"). The plaintiffs further seek review of the trial court's September 20, 2023 judgment denying their motion to compel. For the reasons that follow, we reverse and remand this matter.

## FACTUAL AND PROCEDURAL BACKGROUND

This is wrongful death and personal injury suit that arises from the tragic accident that occurred on July 4, 2018, at the Phillips 66 Company ("Phillips 66") Alliance Refinery (the "refinery") in Belle Chasse, Louisiana. The refinery was contaminated with oil. Phillips 66 sought to identify and eliminate the leaks and clean the contamination from its cooling system. Jerome Matthews ("Mr. Matthews") and Mr. Barber were PSC Industrial Outsourcing, LLC ("PSC") employees that were instructed to perform tasks on the upper level of the refinery

1

plant walk. Mr. Matthews sustained fatal injuries when he fell backward into a basin where the grating had been removed.

The plaintiffs filed a petition for damages on December 14, 2018, against Phillips 66, Turner, BrandSafway, and Oil Mop, LLC.[1] The plaintiffs alleged that the defendants failed to ensure that adequate safety precautions and procedures were followed in the area of the accident, failed to warn of hazardous conditions, failed to conduct proper maintenance and failed to adequately train and instruct employees. The plaintiffs filed supplemental and amended petitions on July 1 and July 24, 2019, to add their intentional spoliation claims.

Thereafter, Phillips 66 filed an exception of no right of action and no cause of action on the basis of statutory employer tort immunity. PSC filed an exception of no cause of action and no right of action on the basis of workers' compensation immunity. The trial court signed a judgment sustaining Phillips 66 and PSC's exceptions, consequently dismissing them from the suit.

Turner and BrandSafway subsequently filed motions for summary judgment on the following grounds: 1) there is no evidence that either defendants were the cause-in-fact of the accident; 2) there is no evidence that Phillips 66 issued a written or oral order for either defendant to remove the grating or to install a hard barricade at the basin where the grating had been removed; 3) regardless of who removed the grating, Phillips 66 operators, PSC's onsite management, and employees working were aware of the removal for at least six days prior to the

_____

[1] In 2021, Oil Mop, LLC was dismissed from the suit by the plaintiffs.

accident and PSC and Phillips 66 should have implemented required fall protection safety procedures since employees were working near or over open water in pump basins; and 4) the slippery surface of the walkway adjacent to the open pump basin and the floor opening created by the removed grating were open and obvious hazards to everyone working in the area of Pump Basin C, and thus there was no breach of any duty to warn of the hazards.

In opposition to the motion for summary judgment, the plaintiffs argued that 1) documentation indicates that the grating was removed to facilitate vacuuming operations; 2) under the April 2018 Phillips 66 work order the two companies assigned to perform vacuuming operations were Turner and PSC; and 3) grating removal is a specialized operation to be carried by a qualified contractor with specially trained personnel. The plaintiffs argued that Turner is a qualified contractor who regularly removes grating, not PSC. The plaintiffs asserted that key documents under the control of Turner and Phillips 66, which would be dispositive of the issue of who removed the grating was not produced during discovery. The plaintiffs contended the documents were lost or destroyed, giving rise to the inference of spoliation. The plaintiffs further argued that BrandSafway was responsible for erection and removal of all scaffolding at the refinery and BrandSafway had a duty to identify the hazards.

Thereafter, on November 2, 2023, the defendants filed a Daubert motion to exclude the affidavit of James Darragh and his opinion. On November 22, 2023, the defendants filed a motion for summary judgment to dismiss Mr. Barber's

emotional distress claims. Defendants argued that Mr. Barber's claim should be classified as a "bystander" claim barred by La. C.C. art. 2315.6. The defendants contend that while Mr. Barber alleges that he injured his arm, there is no contemporaneous or corroborating evidence that Mr. Barber bruised his arm. The defendants contend that Mr. Barber could not have bruised his arm because the horizontal metal bar that he alleged was the cause of his injury was not installed at the time of the accident.

The following is a chronological timeline of the hearings and judgments following the defendants' aforementioned filings:

- On November 9, 2023, a hearing was held on the defendants' Daubert motion to strike the October 18, 2023 affidavit of James Darragh and the motion for summary judgment. After the hearing concluded, the court took the matters under advisement.

- The court signed a judgment on November 30, 2023, granting the motion for summary judgment in favor of the defendants, denying the defendants' Daubert motion to strike, and denying the motion to strike the affidavit filed by plaintiffs' as untimely.

- On December 13, 2023, the plaintiffs moved for a devolutive appeal.

- On January 4, 2024, the trial court held a hearing on the defendants' motion for summary judgment relating to Mr. Barber's emotional distress claims.

- On January 11, 2024, the trial court signed a judgment granting summary judgment in favor of the defendants, and dismissing Mr. Barber's claims with prejudice.

- With the consent of the parties, the trial court amended the November 30, 2023 judgment to add decretal language, which was signed on January 16, 2024.

- On January 19, 2024, Turner and BrandSafway moved for a new trial or in the alternative to amend the January 16, 2024 judgment.

- On January 30, 2024, the court signed a second amended judgment clarifying that it granted summary judgment in favor of the defendants and dismissed the plaintiffs' claims with prejudice, denied defendants'

Daubert motion to strike the October 18, 2023 affidavit of James Darragh, and granted the defendants' oral motion to strike the November 7, 2023 affidavit of James Darragh as untimely filed by the plaintiffs.

The plaintiffs moved for a devolutive appeal on February 2, 2024. This appeal follows.

## DISCUSSION

**Assignments of error**

The plaintiffs assert the following assignments of error:

1. The trial court erred in granting summary judgment in favor of Turner because there is ample evidence to support the conclusion that Turner's fault caused the injuries.

2. The trial court erred in granting summary judgment in favor of BrandSafway because there is ample evidence to support the conclusion that BrandSafway's fault caused the injuries.

3. The trial court erred in granting summary judgment in favor of defendants, and dismissing Mr. Barber's claims because he was a rescuer who suffered physical injury during the attempted rescue and was a participant in the occurrence not an observer, and therefore his right of recovery is not restricted by La. C.C. art. 2315.6.

4. The trial court erred in granting summary judgment and dismissing plaintiffs' claims for intentional spoliation for either or both of two reasons: (i) defendants' summary judgment motions did not address the spoliation claims and thus, under La. C.C.P. Art. 966(E), the spoliation issues were not before the trial court for consideration; and/or (ii) there is ample evidence to support the conclusion that intentional spoliation occurred.

5. The trial court erred in denying plaintiffs' motion to compel Turner to disclose the identities of all eyewitnesses and potential eyewitnesses.

Before discussing the assignments of error, we begin by first addressing preliminary matters.

5

**Preliminary Note**

The defendants moved to dismiss the instant appeal as premature. The defendants argue that the second amended judgment dated January 30, 2024 is not an appealable judgment because the clerk did not file a certificate showing the mailing of notice of the signing of the judgment to all counsel pursuant to La. C.C.P. art. 1913(D).[2]

Louisiana Code of Civil Procedure article 2121 provides in relevant part that "[a]n appeal is taken by obtaining an order therefor, within the delay allowed, from the court which rendered the judgment." Article 2121 further provides "[w]hen the order is granted, the clerk of court shall mail a notice of appeal to counsel of record of all other parties, to the respective appellate court, and to other parties not represented by counsel. The failure of the clerk to mail the notice does not affect the validity of the appeal."

In *Garco, Inc. v. Rob's Cleaning & Powerwash, Inc.*, the trial court rendered a judgment against the defendant by default on June 18, 2007. This Court noted that the notice of signing of judgment was dated July 15, 2008, however, the date the defendant received the notice did not appear in the record. This Court found the defendant's appeal was timely and it had jurisdiction because the delay for taking a suspensive appeal commenced on July 23, 2008, and the defendant filed its motion for suspensive appeal within the delay for perfecting the appeal. 2008-1249, pp. 3-4 (La. App. 4 Cir. 4/22/09), 12 So.3d 386, 389.

"[A]ppeals are favored in law and any doubt shall be resolved in favor of maintaining, rather than dismissing an appeal." *State in Interest of K.B.*, 2023-

---

[2] Louisiana Civil Code of Procedure article 1913(D) provides "[t]he clerk shall file a certificate in the record showing the date on which, and the counsel and parties to whom, notice of the signing of the judgment was mailed."

0409, p. 15 (La. App. 4 Cir. 9/26/23), 372 So.3d 864, 877, *writ denied*, 2023-01421 (La. 4/3/24), 382 So.3d 106 (quoting *Modicue v. Prince of Peace Auto Sale, LLC*, 54,095, p. 7 (La. App. 2 Cir. 9/22/21), 328 So.3d 1239, 1246). Therefore, "[u]nless the grounds for dismissal are free from doubt, the appeal should be maintained." *Id.*; *see Schiff v. Pugh*, 2022-00210, p. 1 (La. 4/12/22), 335 So.3d 830 (vacating the judgment of this Court and reinstating the appeal after this Court dismissed the appeal as untimely when the appellate record contained no certificate of mailing of notice of judgment—and noting that the grounds for dismissal of appeal were not free from doubt) .

In this matter, similar to *Garco, Inc.*, the record does not contain a certificate of mailing of the notice to counsel regarding the January 30, 2024 judgment. "In the absence of the clerk's certificate showing the date of the mailing of the judgment and to whom it was mailed, doubt should be resolved in favor of the right to appeal." *Garco, Inc.*, 2008-1249, p. 3, 12 So.3d at 388 (citing *Moon v. Moon*, 244 So.2d 301, 302 (La. App. 1 Cir. 1970)). Moreover, "[t]he jurisdiction of the appellate court attaches upon the granting of the order of appeal." *Id.* at p. 3, 12 So.3d at 388 (citing La. C.C.P. art. 2088).

It is undisputed that the plaintiffs timely filed a motion for devolutive appeal on February 2, 2024 and the order of appeal was signed by the trial court on February 6, 2024. Thus, in light of the plaintiffs' timely motion for appeal, we find that the absence of the clerk's certificate of mailing of the notice of judgment for the January 30, 2024 judgment is not cause for dismissal of this appeal. Accordingly, the defendants' motion to dismiss the appeal is denied.

**Summary Judgment**

7

"Appellate courts review summary judgments under the *de novo* standard of review, using the same standard applied by the trial court in deciding the motion for summary judgment; as a result, we are not required to analyze the facts and evidence with deference to the judgment of the trial court or its reasons for judgment." *Amedee v. Aimbridge Hosp. LLC*, 2020-0590, p. 3 (La. App. 4 Cir. 12/16/22), 354 So.3d 250, 252 (quoting *Smith v. State*, 2018-0197, p. 3 (La. App. 4 Cir. 1/9/19), 262 So.3d 977, 980). Therefore, "[a]fter an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." *Id.* (quoting La. C.C.P. art. 966(A)(3)).

The mover bears the burden to prove that the mover is entitled to judgment as a matter of law, in accordance with La. C.C.P. art. 966(D)(1), as follows:

> [I]f the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense.

Accordingly, "[t]he adverse party to the motion for summary judgment then bears the burden 'to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.'" *Boucree v. New Orleans E. Hosp. Found.*, 2023-0415, p. 5 (La. App. 4 Cir. 12/18/23), 380 So.3d 653, 658 (quoting La. C.C.P. art. 966 (D)(1)).

***Turner and BrandSafway's Motion for Summary Judgment***

The defendants' motion for summary judgment contended that 1) there is no evidence that either defendant was the cause-in-fact of the accident; 2) there is no

evidence that Phillips 66 issued a written work order to either defendant to remove the grating or to replace the removed grating or to install a hard barricade at the basin where the grating had been removed; 3) Phillips 66 and PSC were aware of the removal of the grating and should have implemented fall protection safety procedures; and 4) the slippery surface of the walkway adjacent to the open pump basin and the floor opening were open and obvious hazards to everyone working in the area of Pump Basin C.

Under La. C.C. art. 2315, an individual may recover the damages he sustains as a result of another's fault. The duty-risk analysis outlines the elements employed for the determination of liability in a negligence case:

> (1) whether the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) whether the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) whether the defendant's substandard conduct was a cause-in-fact of the plaintiff's injures (the cause-in-fact element); (4) whether the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) whether the plaintiff was damaged (the damages element).

*Harvey v. Hamby*, 2023-0084, p. 11 (La. App. 4 Cir. 10/4/23), 376 So.3d 225, 225 (quoting *Hanks v. Entergy Corp.*, 2006-477, pp. 20-21 (La. 12/18/06), 944 So.2d 564, 579).

In their motion for summary judgment, the defendants argued that there is an absence of factual support for all of the essential elements of the plaintiffs' claims, namely, the lack of evidence that Turner and BrandSafway removed the grating and failed to install a barricade the open basin, and there is no evidence that Turner or BrandSafway were issued a work order by Phillips 66 to remove the grating or install a barricade near the basin. The defendants also argued that there was no breach of duty because the accident was caused by an open and obvious condition.

9

To support their motion for summary judgment, the defendants attached numerous affidavits and deposition excerpts, including the affidavits of the Tony Ditta, David Alan Gulotta, Earl Bennett, and Jason Hawkins. Tony Ditta, a former Turner employee, attested that Turner only performed work at the refinery if it had a work order; grating removal was not considered maintenance work unless Turner was repairing a damaged grating; and it was not Turner's responsibility to remove grating for any other contractor at the refinery. Mr. Ditta indicated in his affidavit that he conducted a search for work orders to determine whether Turner had been directed to perform any removal of gratings at the R1 Cooling Tower,[3] and there were no work orders directed to Turner for any removal of gratings at the R1 Cooling Water Tower ("CWT") from June 1, 2018 up to July 4, 2018.

David Alan Gulotta, a Turner foreman assigned to the refinery, attested Phillips 66 produced a Contractor Cost Management ("CCM") spreadsheet database that includes all employees' time and the work orders associated with the time for Turner and BrandSafway. Mr. Gulotta provided that based on his review of the database, Work Order Number 61312965 was issued by Phillips 66 to PSC, directing PSC to vacuum oil off 303-R1 and remove grating and vacuum oil off 303-R. Mr. Gulotta further attested that Turner did not charge any time during May 31 to July 4, 2018, to Work Order Number 61312965. Additionally, he explained Phillips 66 instructed Turner not to perform any mechanical work activities in the 303 R-1 CWT unless there was an emergency.

Jason Hawkins, a BrandSafway employee, attested the following: in 2018, BrandSafway did not erect, modify, or dismantle a scaffold structure at the refinery

---

[3] According to the record, the removal of oil, foam and chemicals from the cooling system tanks were performed in the vicinity of the 303 R1 Cooling Tower structure. The structure is also referred to throughout the record as "R1 Cooling Tower," "303-R," and "303 R-1 CWT".

unless it was first given a work order by Phillips 66. His affidavit further provided that BrandSafway was never asked to install any barricade or any other protective equipment at the accident site prior to the incident.

The defendants also relied of the deposition testimony of Emily Bergeron, a former maintenance supervisor of Phillips 66. Ms. Bergeron testified that she did not instruct Turner to remove the grating at any time in June 2018, and to her knowledge no one in the Phillips 66 maintenance department did so. Ms. Bergeron also testified that she did not recall instructing BrandSafway to install a barricade near the accident site. Drew Graham, a manager at Phillips 66, testified that he did not find any evidence that Turner removed the grating. Finally, the defendants relied on Reginald Thomas's, a former PSC senior foreman, deposition to show that the removed grating was open and obvious to everyone working at the accident site.

In opposition, the plaintiffs set forth disputed issues of material fact as to Turner and BrandSafway's involvement. The plaintiffs attached the affidavit of Mr. Barber, who attested that PSC workers were not trained or authorized to remove refinery gratings. The plaintiffs also relied on the affidavit of Noel Allen, a former Turner employee. Mr. Allen attested that Turner is the primary contractor that removes and installs gratings for PSC. Mr. Allen attested that no one is allowed to remove grating except Turner. Mr. Allen attested that foremen, Donnie Martin and Earl Danos were the leaders that would have received the call to remove the grating from the subcontractor. Mr. Allen also attested that before any grating may be removed, Turner must contact "BrandScaffold" (sic) to install a hard barricade over any water source floor opening. Additionally, the affidavit of James Darragh, a senior software developer, provided that Philipps 66 failed to

11

provide a complete data dictionary identifying information which may have relevant work data.

It is undisputed that the grating was removed on June 28, 2018. The issue of whether the open basin was classified as an open and obvious condition, accompanied by the defendants' concession that the walkway adjacent to the open pump basin was a slippery surface is a fact specific issue which precludes it from summary judgment. *See Lomax v. Transdev Servs., Inc.*, 2020-0620, p. 13 (La. App. 4 Cir. 10/20/21), 331 So.3d 368, 377 (finding that the issue of whether the three to four foot gap created by the presence of a bus parked partially over the uncovered mechanic's pit was an open and obvious condition that fell within the category of jurisprudence wherein case-specific factual issues preclude summary judgment.); *see also Farrell v. Circle K Stores, Inc.*, 2022-00849, pp. 13-14 (La. 3/17/23, 13-14), 359 So.3d 467, 478 (noting that the plaintiff's knowledge of an open and obvious condition is appropriately considered in assessing fault, but is not appropriate for summary judgment proceedings).

After conducting a *de novo* review of the evidence presented, we find the trial court erred in granting summary judgment in favor of Turner and BrandSafway as there are genuine issues of material fact regarding whether Turner removed the grating and whether BrandSafway was contacted to construct a barricade.

### *Dismissal of Spoliation Claim*

Next, the plaintiffs argue that the trial court erred when it exceeded its authority under La. C.C.P. art. 966(F) by granting summary judgment and dismissing their intentional spoliation claim when the issue was not raised by the defendants. The defendants counter argument is that the issue of intentional

spoliation was included in their motion for summary judgment because their memorandum in support comprised of a footnote that provided that there was no evidence to support the new allegation in the plaintiffs' supplemental and amended petitions.

The footnote in the defendants' memorandum in support of motion for summary judgment stated in relevant part:

> Plaintiffs filed supplemental and amended petitions on July 2 and July 24, 2019. *See* MSJ Exhibit 1.2 attached to the accompanying Motion for Summary Judgment. The only new allegation, which was directed to all defendants, not just Turner and BrandSafway, was the alleged intentional and deliberate destruction of documents "making it more difficult, or impossible for plaintiffs to discover the facts and prove their case in the current litigation." No evidence supports this allegation against any defendant.

"[T]he Louisiana summary judgment law has restricted the trial court's ability to render a summary judgment to 'those issues set forth in the motion under consideration.'" *Cutrone v. English Turn Prop. Owners Ass'n., Inc.*, 2019-0896, p. 8 (La. App. 4 Cir. 3/4/20), 293 So.3d 1209, 1215. "Paragraph F makes clear that, in deciding a motion for summary judgment, a court can consider only the issues raised in the motion or opposition filed by the parties. The court cannot rule on issues not raised by the parties." *Id.* at pp. 8-9, 293 So.3d at 1215 (quoting 2015 Revision Comment (I) to La. C.C.P. art. 966). As such, failure to implement this restriction requires "the non-mover on a motion for summary judgment, who will not carry the burden of proof on the issue raised in the motion, to respond to the motion by submitting evidence that it will be able to carry its burden of proof as to all essential elements of his claim, regardless of whether a particular element of his claim was placed at issue by the motion or not." *Id.* at p. 9, 293 So.3d at 1216 (citing *Ronald's Lawn Serv., LLC v. St. John the Baptist Par. Sch. Bd.*, 2019-244,

p. 3 (La. App. 5 Cir. 12/11/19), 284 So.3d 696, 702 (Chaisson, J., dissenting)). Additionally, forcing the non-mover "to try his entire case to the court in response to the motion for summary judgment." *Id.*

Here, the November 9, 2023 hearing transcript reveals that the defendants argued that the issue of spoliation was intended to be in their motion for summary judgment. However, the plaintiffs argued that spoliation was not addressed in the defendants' original memorandum in support. Further, the trial court's reasons for judgment do not reflect that it considered the issue of spoliation, which coincides with plaintiffs' assertion that the defendants did not raise it as an issue in their summary judgment motion. "[A] trial court's reasons for judgment are relevant when, as here, there is a question posed as to whether the trial court exceeded its authority under La. C.C.P. art. 966(F)." *Cutrone*, 2019-0896, p. 10, 293 So.3d at 1216.

Our review of the defendants' motion for summary judgment reveals that the motion was framed to address the issues of whether the defendants were the cause-in-fact of the accident, whether there was evidence of a work order, and whether a duty was owed and breached. The defendants footnote in their memorandum in support of the motion for summary judgment did not raise the issue of spoliation, but rather acknowledged it as a new allegation in the plaintiffs' supplemental and amending petitions. Accordingly, we find that the trial court committed legal error by dismissing the plaintiffs' spoliation claim.

### Dismissal of Mr. Barber's Claim

Next, we address the trial court's January 11, 2024 judgment granting the defendants' motion for summary judgment to dismiss Mr. Barber's claims. The defendants moved for summary judgment on the grounds that Mr. Barber did not

have a claim for mental and emotional distress, and that there was no evidence to support his physical injury claim. Specifically, the defendants argued that there was a discrepancy on how Mr. Barber bruised his arm on a scaffold bar while attempting to rescue Mr. Matthews, and Mr. Barber was a bystander who witnessed an injury to another person.

The defendants relied on the affidavit of Mr. Hawkins, attesting that Phillips 66 asked BrandSafway to install three horizontal scaffold bars at the accident site, the day after the incident. The defendants also relied on Mr. Barber's medical record that indicated that Mr. Barber reported his chief complaint for the visit as depression after witnessing someone dying on his jobsite.

The plaintiffs argue that the trial court erred in dismissing Mr. Barber's claims because he was not a bystander, but a rescuer who suffered physical injury during his attempt to rescue Mr. Matthews. Thus, Mr. Barber's right of recovery is not restricted by La. C.C. art. 2315.6, as he was a participant in the occurrence and not an observer.

Here, Mr. Barber alleged in the supplemental and amended petition that he braced himself against scaffolding bars in an effort to reach a hose for Mr. Matthews to reach and he hurt his arm. Mr. Barber also alleged that he suffered physical and mental injury from the incident. Mr. Barber's deposition testimony provided that he bruised his arm when he "banged" it against a scaffold bar.

We recognize that La. C.C. art. 2315.6[4] bars recovery for mental anguish or emotional distress damages for injuries suffered by others, except under the criteria

---

[4] Louisiana Civil Code article 2315.6 provides:

A. The following persons who view an event causing injury to another person, or who come upon the scene of the event soon thereafter, may recover damages for mental anguish or emotional distress that they suffer as a result of the other person's injury:

defined therein. Thus, Mr. Barber does not fit into any of the four requisite familial categories pursuant to La. C.C. art. 2315.6 (A). However, we find that Mr. Barber pled his own personal injury, particularly, that he painfully bruised his arm while attempting to rescue Mr. Matthews and suffered mental distress as a result.

The conflicting affidavit of Mr. Hawkins and the deposition testimony of Mr. Barber gives rise to a genuine issue of material fact sufficient to defeat summary judgment. Additionally, the trial court provided in its January 12, 2024 reasons for judgment, that because it ruled that the defendants were not liable for the accident at the refinery, there was no basis for awarding damages to Mr. Barber for any alleged physical or bystander damages. "It is a 'well-settled rule that the district court's oral or written reasons for judgment form no part of the judgment, and that appellate courts review judgments, not reasons for judgment.'" *Harvey*, 2023-0084, p. 20, 376 So.3d at 240 (quoting *Wooley v. Lucksinger*, 2009-0571, p. 77 (La. 4/1/11), 61 So.3d 507, 572). "However, a court of appeal may review the trial court's reasons for judgment to 'gain insight' into the trial court's judgment." *Id.* As such, in light of the conflicting affidavit and deposition testimony, and

---

(1) The spouse, child or children, and grandchild or grandchildren of the injured person, or either the spouse, the child or children, or the grandchild or grandchildren of the injured person.

(2) The father and mother of the injured person, or either of them.

(3) The brothers and sisters of the injured person or any of them.

(4) The grandfather and grandmother of the injured person, or either of them.

B. To recover for mental anguish or emotional distress under this Article, the injured person must suffer such harm that one can reasonably expect a person in the claimant's position to suffer serious mental anguish or emotional distress from the experience, and the claimant's mental anguish or emotional distress must be severe, debilitating, and foreseeable. Damages suffered as a result of mental anguish or emotional distress for injury to another shall be recovered only in accordance with this Article.

16

finding that genuine issue of material fact exist as to Turner and BrandSafway's liability, we find that the trial court erred in granting the defendants' motion for summary judgment and dismissing Mr. Barber's claims with prejudice.

**Motion to Compel**

The plaintiffs argue that the trial court abused its discretion in denying their motion to compel Turner to disclose its employees' identities.[5] Specifically, the plaintiffs' subpoena request sought a report utilizing data from Turner's JD Edwards ERP software system as to all work performed at the refinery from March 1, 2018 to July 5, 2018. In opposition, the defendants argue that on August 30, 2019, Turner had already provided discovery responses listing 137 employees who worked at the refinery between March 1, 2018 and July 15, 2018 and their job titles. The defendants further argue that the plaintiffs waited until 2023 to question the adequacy of the responses and to take depositions of Turner employees.

"[A] trial court has broad discretion in handling discovery matters and an appellate court should not upset such a ruling absent abuse of discretion." *Ambrose v. Generation Holdings, LLC*, 2024-0300, p. 2 (La. App. 4 Cir. 7/12/24), ---So.3d ----, 2024 WL 3384940 (quoting *Perez-Fuentes v. Protective Ins. Co.*, 2023-0718, p. 5 (La. App. 4 Cir. 12/20/23), 381 So.3d 67, 70). "Under this abuse of discretion standard of review, '[a]n appellate court must balance the information sought in light of the factual issues involved and the hardship that would be caused by the court's order when determining whether the trial court erred on a discovery order.'" *Loeb v. Vergara*, 2020-0261, p. 90 (La. App. 4 Cir. 1/27/21), 313 So.3d

---

[5] On July 31, 2023, the plaintiffs filed a motion to compel Turner to amend inaccurate discovery responses and permit examination of withheld documents or data, focusing on eight discovery requests. However, in this appeal, the plaintiffs solely frame their argument to address the discovery request of the identity of Turner's employees actively working at the refinery during the relevant time period.

346, 398 (quoting *Dabezies v. Trelo*, 2018-0278, pp. 2-3 (La. App. 4 Cir. 5/23/18),

248 So.3d 498, 501).

Louisiana Civil Code of Procedure article 1422 governs the scope of

discovery, which provides in pertinent part:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.

This Court examined a similar matter in *Francois v. Norfolk S. Corp.*, in

which the defendant sought review of the trial court's judgment that denied its

motion to compel. 2001-1954, p. 1 (La. App. 4 Cir. 3/6/02), 812 So.2d 804, 805.

This Court stated:

> First, the information sought is generally discoverable under the provisions of La. C.C.P. art. 1422 because it "is relevant to the subject matter involved in the pending action." Although the trial court has great discretion in discovery matters, that discretion may be abused when the trial judge denies a motion to compel the production of information that meets the requirements of La. C.C.P. art. 1422, especially where, as here, examination of the requested information may be the only means available to the party seeking discovery to defend against claims made by the party from whom discovery is sought. In the instant case, the information sought by the subpoena *duces tecum* is discoverable because it provides the only method by which [defendant] can investigate and prove its assertion that [the doctor] was biased or operated in collusion with the plaintiffs' attorney(s).

*Id.* The "[c]ourt further found that the trial court had abused its discretion under

La. C.C.P. art. 1354 because the trial court made 'no finding in its written

judgment that the subpoena in question [wa]s either unreasonable or oppressive,

18

but simply denie[d] the motion to enforce the subpoena.'"[6] *Perez-Fuentes*, 2023-0718, p. 8, 381 So.3d at72 (quoting *Francois*, p. 2, 812 So.2d at 805).

In this matter, similar to *Francois*, the trial court made no finding in its judgment that the plaintiffs' subpoena was unreasonable or oppressive. A review of the September 7, 2023 hearing transcript reveals that the plaintiffs argued there were inconsistencies in the information that the defendants provided, notably, the information received from the Phillips 66 database and Turner's documents. The defendants argued at the hearing that they previously provided the plaintiffs with the information, which was a subset of Phillips 66's CCM database. Moreover, the hearing transcript provides that the trial court had no discussion nor did the court render a finding that the subpoena was oppressive, but instead this matter was taken under advisement.

We find that the subpoena sought information related to Turner's employees and activities during the time frame the incident occurred, which is relevant information "to the subject matter involved in the pending action." La. C.C.P. art. 1422. Further, our review of the record provides that there is a discrepancy in the information produced by Turner. A document entitled "Exhibit A-Scope of Work Lake Charles and Alliance Refinery Maintenance and Projects Services" provides a list of employees that work at the Lake Charles Refinery, however, the "Alliance Refinery" section is devoid of any information. Further, a Turner employee appeared on the refinery's July 5, 2018 gate log, a day after the accident.

In light of the aforementioned, we find that the trial court abused its discretion when it denied the plaintiffs' motion to compel regarding the

---

[6] Louisiana Code of Civil Procedure article 1354 provides in relevant part "[t]he court in which the action is pending in its discretion may vacate or modify the subpoena if it is unreasonable or oppressive."

identification of Turner employees working at the refinery between March 1, 2018 and July 15, 2018.

## CONCLUSION

For the foregoing reasons, the defendants' motion to dismiss the appeal is **DENIED**.

**WE REVERSE** the trial court's September 20, 2023 judgment denying the plaintiffs' motion to compel regarding the identification of Turner employees working at the Phillips 66 Company Alliance Refinery.

**WE REVERSE** the trial court's January 11, 2024 judgment and January 30, 2024 second amended judgment granting the defendants' motions for summary judgment and dismissing the plaintiffs' claims with prejudice.

This matter is remanded to the court for further proceedings.

**MOTION TO DISMISS APPEAL DENIED;**
**REVERSED AND REMANDED**